ALBANY,
Oct. 1832.

Morgan
v.
Plumb.

---

## MORGAN *vs.* PLUMB and others.

Where a note is payable whenever a certain mortgage holden by the maker
*shall be collected,* a cause of action accrues thereon when the mortgagee
enters into possession of the mortgaged premises by virtue of a foreclosure,
and his title thereto becomes absolute, provided the mortgaged premises
are equal to the value of the debt; the mortgage, then, in judgment of
law *is collected,* and unless a suit is brought upon the note within six years
after the happening of the above events, the plaintiff will be barred by the
*statute of limitations.*

So also a count for *negligence,* in omitting to collect the amount of the mort-
gage is barred by the statute, unless suit be brought within six years from
the time when the money might have been collected, had the maker of the
note used due diligence.

A *former suit* for the same cause of action, in which the defendant obtained a
verdict, is a bar to a second suit, although such verdict was rendered on the
erroneous ground that the plaintiff's cause of action had not then accrued,
when in fact the plaintiff had at the time a good and perfect cause of action.

THIS was an action of assumpsit, tried at the Columbia
circuit in September, 1830, before the Hon. ESEK COWEN,
one of the circuit judges.

The plaintiff declared on a note made by the defendants, bearing date 16th March, 1815, whereby they promised to pay the plaintiff (*Anna Morgan*) $350, with interest, whenever the amount due on a certain mortgage executed by Frederick Perry and Augustus Sherril to *George C. Morgan*, which had been assigned to the defendants, *should be collected*. The plaintiff averred that the amount due on the mortgage was collected by the defendants on the 10th May, 1824. There was also a count stating a promise by the defendants to use diligence in the collection of the monies secured by the mortgage, and an averment that with due diligence the same might have been collected, but that the defendants neglected, &c. The defendants pleaded the general issue and *actio non accrevit*, &c. and gave notice of a *former suit* for same cause of action, and judgment therein for the defendants. The plaintiff replied that the present suit was commenced in April, 1830, and that the several causes of action accrued was produced, and the following facts appeared in evidence : On the 16th March, 1815, when the note in question was given, there was due on the mortgage assigned to the defendants the sum of $3025,25. In February, 1815, a suit had been instituted against Perry and Sherril on notes collateral to the mortgage, in which a judgment was obtained in September, 1815 ; and in the following month a *fieri facias* was issued on which nothing was done, and the execution was returned. On the 21st May, 1815, an *alias fieri facias* was issued, on which the note of a third person for $100 was received by the defendants. At the same time that the suit on the notes was instituted, proceedings were commenced in the common pleas of Berkshire, (Massachusetts,) for the *foreclosure of the mortgage*. On the 29th September, 1815, judgment was rendered that unless the mortgagors should pay to the mortgagee, *George C. Morgan*, $3410,90, with interest and costs, within two months from that date, the mortgagee should have possession of the mortgaged premises. On the 21st May, 1816, a writ of *habere facias possessionem* was issued, and on the same day possession of the mortgaged premises was delivered to the defendants in this cause. By the

*statute law* of Massachusetts, mortgagors in such cases have a right to *redeem* the mortgaged premises within *three years*, but the mortgagors in this case did not avail themselves of the privilege. After being put into possession, the defendants rented the premises to divers persons until the 16th July, 1825, when they sold the same to a Mr. Lester, for the sum of $3000. For the first three years after 1816, the defendants let the premises at an annual rent of $350, but of this sum, collected only one year's rent; for two other years they received of another tenant an annual rent of $100, and what further sum, if any, they received for the residue of the time up to 1825, did not appear. The mortgaged premises at the time when the defendants were put into possession of the same were worth much more than the amount due on the mortgage, and Perry and Sherril, the mortgagors, against whom judgment had been obtained in Sept. 1815, on the notes, were manufacturers of cotton goods, apparently prosperous, and until the 20th May 1816, about which time they failed and their property was attached by creditors, they had personal property sufficient to pay and satisfy the amount of such judgment.

On the part of the defendants was produced a record of *a former suit* of the plaintiff against them for the *identical cause of action* now declared on, except that in the declaration in the former suit, there was no count charging a want of diligence in collecting the monies due on the mortgage. The defendants in that suit pleaded *non assumpsit;* the cause was tried in November, 1820, and the defendants had a verdict, on which judgment of *nil capiat per breve* was duly entered. The plaintiff thereupon proved, that on the trial of the former suit, it was given in evidence that the mortgage given by Perry and Sherril had been duly foreclosed, possession of the mortgaged premises delivered to the defendants, that the time for redemption allowed by the laws of Massachusetts had expired, whereby the title of the defendants had become absolute, and that the premises were worth more than sufficient to satisfy the mortgage monies. That it was then objected by the defendants that the note was not collectable by the terms of it, and not due, inasmuch as the mortgage could not be consid-

ered as collected, within the meaning of the note, until the defendants had actually sold the premises and received payment for the same. Chief Justice *Spencer*, who presided at the trial, sustained the objection, and charged the jury that although the defendants had foreclosed the mortgage, obtained possession and the absolute title to the mortgaged premises, yet the property in their hands was not in judgment of law payment of the mortgage, so as to render them liable for the payment of the note; that they were not so liable until they could effect a sale thereof, so that out of the avails of the sale they could pay the note, and the jury under such charge found a verdict for the defendants.

The evidence being closed, the counsel for the plaintiff insisted that the note declared on became due in 1825, when the mortgaged premises were sold by the defendants; that the amount then received by them, together with the rents and profits of the premises while in possession, more than exceeded the amount due on the mortgage, and that the defendants were chargeable with such rents and profits, whether actually received or not; that if the amount received on the sale, together with the rents and profits, did not fully pay and satisfy the mortgage, the property being exhausted on which the debt had been a lien, the mortgage must be considered *as collected* so as to make the note in question due, and give the plaintiff a right to demand payment of the whole, or at least of a part of it, especially as it had been shewn that the failure, if any, to collect the balance was attributable to the defendants; and that under the circumstances of the case, the *former suit*, trial, verdict and judgment therein were no bar to this action.

The judge ruled that the former suit and the judgment therein were no bar to this action, but that the plaintiff had no right of action upon the note declared upon, until *the whole amount* of the mortgage therein mentioned had been collected or received in money or its equivalent: that the rents and profits of the mortgaged premises were not to be taken into account, except so far as they had been shewn to have been actually received; and that a sufficient payment or collection of the mortgage to give the plaintiff a right of action on that

ground had not been shewn. That the count in the declaration charging the defendants with a want of diligence in collecting the mortgage was proper, the law implying a promise by the defendants to use all due diligence in the collection of the money; that the neglect of the defendants to collect the money from the *personal property* of the mortgagors, by virtue of the judgment which had been obtained against them, gave the plaintiff an immediate right of action, but that such cause of action was defeated by the statute of limitations, which had been interposed in this case; and he thereupon directed a *nonsuit* to be entered. The plaintiff asks that the nonsuit be set aside.

*C. Bushnell*, for the plaintiff. The judge correctly decided that the *former suit* was no bar to the present action; a former suit for the same cause of action, although the defendant obtained a verdict therein, does not bar a second action, if it be shewn that such verdict proceeded on the ground that the plaintiff's cause of action had not accrued, and in such case a plaintiff is not precluded from shewing a cause of action subsequently accrued on the same contract. 2 *Johns. R.* 229. 16 *id.* 139. 3 *Cowen,* 127. 4 *id.* 559, 562. Here the plaintiff shewed, that not until nearly *five years* after the trial in the first suit were the defendants in funds from the source specified in the note, and that charging them with the amount of the sale of the property and with the rents and profits of the mortgaged premises from the time when possession was delivered until the time of sale, the mortgage was fully paid and satisfied; and they ought to have been so charged, and not simply with the amount actually received, for it was their own fault if such rents were not realized. The judge therefore erred in deciding that the whole amount of the mortgage must be shewn to have been collected or received before the plaintiff's cause of action accrued; for the deficit, if any, was attributable to the negligence of the defendants.

*J. W. Emonds*, for the defendants.

ALBANY,
Oct. 1832.

Morgan
v.
Plumb.

*By the Court,* SAVAGE, Ch. J. The questions arising in this case are, 1. Whether the foreclosure of the mortgage paid the debt secured by it; 2. Whether the plaintiff's claim is barred by the statute of limitations; and 3. Whether the record of the former judgment is a bar.

Upon the first question, it has been decided in this state that upon foreclosure of mortgaged premises, if they are of sufficient value, the debt is paid. If the premises are of less value, they extinguish so much of the debt as is equal to their value. This must be understood of a foreclosure, properly so called. In the ordinary mode of foreclosing a mortgage, the premises are sold, and then so much is paid as the premises produce upon a sale. 4 *Wendell*, 384, 5, *and cases their cited.* In *Massachusetts* no sale is made; after forfeiture the creditor enters into possession under legal proceedings, and unless the mortgagor redeems in three years, the property becomes absolute in the mortgagee. If the property is insufficient to pay the debt, the creditor may prosecute upon his attendant obligation, and recover the difference between the amount of the debt and the value of the property. 3 *Mass. R.* 562, 154. 2 *Gallison*, 152, 161. Of course, if the mortgaged premises are equal in value at the time of foreclosure to the debt, the debt is paid. When the defendants in this case took possession under the mortgage, the property was worth the debt, and according to the decisions referred to in Massachusetts and in this state, the debt was paid. It was decided at the circuit, at the former trial in 1820, that the money had not been collected within the meaning of the note; and that decision was submitted to, but that decision was not in accordance with the law as then settled in Massachusetts and since in this state. If the money must be actually received to subject the defendants to liability on this note, then it was in their power to prevent such liability from attaching by holding the property.

If I am right in the opinion that the debt was paid when possession was taken under the mortgage, or when the title became absolute, then the plaintiff's claim is barred by the statute of limitations. If the plaintiff's present action is based upon the negligence of the defendants in neglecting to col-

lect the money, then it seems to me the judge at the circuit was correct in saying that that cause of action accrued when the defendants neglected to collect the debt from the personal property of the makers of the note, and consequently the cause of action is barred by the statute.

The former suit was brought upon the same note and the evidence was the same. The verdict was, that the defendants did not undertake and promise in manner and form as the plaintiff had declared. This is conclusive, unless the insertion of the second count in the declaration prevents this bar. It must at all events be conclusive as to the note, for the record finds that no such note was executed. The plaintiff's claim, therefore, can only rest upon the defendant's neglect, and in that point of view it seems to me she must fail upon the statute of limitations.

I place my opinion, however, upon the ground that the mortgage was paid, at the latest, in 1819. The note was then collected, and the statute has attached.

New trial denied.