By the Court,

Savage, Ch. J.
The question of law raised by these pleas, except the last, is whether a failure of consideration can be pleaded to an action brought on a sealed instrument. *The cases referred to by the plaintiff’s counsel show that anterior to the revised statutes that question was settled in the negative ; but by those statutes, 2 R. S. 406, § 77, it is enacted that in every action upon a sealed instrument, the seal thereof shall only be presumptive evidence of a sufficient consideration, which may be rebutted in the same manner and to the same extent as if such instrument were not sealed; provided such defence be pleaded, or notice given thereof. In this respect there is now no distinction between a note with a seal or without one. The defence is therefore a good one, if it is well pleaded.
It is objected to the second, third, fourth, and fifth pleas, that they set up a defence to one of the causes of action only. That objection is satisfactorily answered by a reference to the commencement of those pleas severally, in which they answer the instrument in the first count, adding, “ and which is the same identical agreement or memorandum set forth in the second count of said declaration.” This is certainly sufficient upon general demurrer. The answer given is to the instrument, and the same instrument is counted upon in each count.
Again; it is said there is no scienter alleged in the second and fourth pleas as to all the defects. The scienter is as extensive in all the pleas as the qualified warranty. Wherever the warranty is stated to be as far as the plaintiff knew, his knowledge is averred ; and where the warranty is absolute, no sci-enter is alleged, nor was any necessary. When a man warrants an animal sound, he is hound to accountability for any unsoundness, whether he knew of it or not, when he makes a bare representation, in such case it is necessary to aver that he knew the representation to be false ; otherwise he is not liable for damages. Such is the substance of the fifth plea, which is said to be not in bar, but in mitigation of damages. The plea however avers that the horse was of no value ; which, if proved, is a bar to the action.
. The sixth plea is said to be bad for several causes, which are specially assigned ; all of which are, however, involved in the question whether the plea is good in substance. The substance of this plea is this : that the plaintiff took a mortgage of the horse to secure the payment of the note declared *on in this cause ; that when the money had become payable and the mortgage forfeited, the plaintiff foreclosed his mortgage and took possession of the mortgaged premises. The value of the horse is not averred in terms, but it is alleged that the plaintiff might have sold the horse, and thus have paid his debt. This is tantamount to saying that the horse was of sufficient value to satisfy the demand. The law is well settled, that if a mortgagee of real estate sells the mortgaged premises in pursuance of a power for that purpose, and sufficient is not produced by the sale to pay the debt, an action lies for the balance ; if the amount is raised, the debt is paid, and if there be a surplus, it belongs to the mortgagor. If the mortgagee simply re-enters, but *111 does not sell, and the property is of sufficient value to satisfy the debt, the debt is paid. 9 Wendell, 292. 4 id. 384. The case is quite as strong in reference to a mortgage of personal property. In case of the failure of the mortgagor to perform the condition, the mortgagee acquires an absolute title to the chattel. 9 Wendell, 83, 4. The horse in this case being of sufficient value to satisfy the debt, the title became vested in the plaintiff, and no further act, was necessary, besides taking the possession, to constitute payment. If the property had been sold upon the mortgage when it was forfeited, and upon a fair sale brought less than the amount of the debt, the mortgagee would have been entitled to demand the balance of his debt.
The defendant is entitled to judgment upon the demurrers, with leave to the plaintiff to reply, upon payment of costs.