By the Court.—Bosworth, Ch. J.
The defendants have had the goods for which the verdict was ordered, and have not paid for them. The question now is, whether the former trial and judgment are a bar to a recovery in this action. It is quite clear that on the trial in the Marine Court, as in this, the evidence of the sale of the goods, at the agreed price of four hundred and fifty dollars, on a credit of eight months, was uncontradicted. The evidence on this trial shows that, in the suit in .the Marine Court, Bonta testified that he sold the goods as agent of the plaintiff, and so informed the defendants at the time of the sale. It does not appear that there was any attempt to contradict him, and no evidence in. confiict with such being the facts was given on this trial.
The case comes, therefore, to this point. Judgment was given for the defendants in the Marine Court, on uncontradicted proof *254 that the sale was on a credit of eight months, which had not elapsed. It cannot be conjectured that it proceeded on any other ground or fact. On what ground, or fact found, the judge decided it, he does not recollect, and I lay his testimony out of view. But it does appear that the only question discussed before him on the close of the evidence was, whether the credit had expired. I think' it should be inferred that this was the only question of fact which he determined adversely to the plaintiffs, and finding that it had not, and .it being his duty to so find, he gave judgment for the defendants on that ground, and for that cánse.
If this be the correct view, then it is clear that it was not determined in the Marine Court, that the plaintiffs did not sell and deliver the goods at the agreed price of four hundred, and fifty dollars.
If it had affirmatively appeared on the present trial, that the judgment in the Marine Court was given expressly on the ground that the suit was prematurely brought, then Quackenbush v. Ehle (5 Barb., 469-472) would be an authority that the former trial and judgment wa's not a bar. .In the present case, the contrary does not appear, either by the record or the proofs; and presumptively, the first judgment could not have proceeded on any other grounds.
Quackenbush v. Ehle is not in conflict with Morgan v. Plum (9 Wend., 287-317). In the latter case, the plaintiff was entitled- to recover upon the evidence given. But judgment was given against him, contrary to the law and the evidence. His remedy was a review on a case or exceptions; and not by another suit on the same evidence.
It cannot be affirmed, or established inferentially, that the judgment in the Marine Court determined any fact, except the fact that that suit was brought before the agreed term of credit had expired. As it does not appear that any other fact was determined, and as that fact was undisputed, and entitled the defendants to judgment, and as presumptively no other fact could, have been deterinined in their favor, I think the former suit and judgment do not bar this action. •
The facts that the plaintiffs sold the goods to the defendants at the agreed price of four hundred and fifty dollars, and that the defendants have not paid any part thereof, have not been passed upon and decided against the plaintiffs. But a fact con *255 sistent with them, and found on the first trial by uncontradicted evidence, viz.: that the goods were sold on a credit of eight months, was found in the Marine Court, and having been found, die defendants had judgment.
Holding that such a judgment is not a bar to this action, does not conflict with the rule that “ a fact which has once been directly clecided shall not be again disputed between the same partiesnor with the rule that “ the judgment of a court of concurrent jurisdiction directly on the point, is a plea or bar, and as evidence, conclusive between the same parties upon the same matter directly in question in another court ” (Jackson v. Wood, 8 Wend., 9; Doty v. Brown, 4 N. Y. [4 Comst.], 71).
I think the motion for a new trial should be denied, and judgment for plaintiffs on the verdict, ordered.