SQUIRE P. COLLINS, Respondent, *v.* WILLIAM S. BENNETT, Appellant.

A bailee for hire, who uses the property contrary to the instructions of the bailor, is liable for a conversion thereof. Where property, in the exclusive possession of such bailee, is injured in a way that ordinarily does not occur, without negligence, the burden of proof is upon the bailee, to show that the injury was not occasioned by his negligence.

Defendant took the horse of plaintiff to board, with instructions not to use him; he did use him and the horse was foundered. Plaintiff abandoned the horse and brought suit for conversion. Defendant brought suit in justice's court for the board of the horse; in that action the plaintiff herein in his answer set up the conversion. This was demurred to, and the justice sustained the demurrer, holding that it was no defence, and a recovery was had for the amount of the claim. Defendant, by supplementary answer, pleaded this former adjudication in bar.

*Held*, that the remedy for the erroneous decision of the justice, should be sought in that suit; that the recovery therein necessarily adjudged a performance of his contract by the defendant, and that there was no conversion. The judgment, therefore, was a bar.

(Argued November 16th, 1871; decided November 20th, 1871.)

APPEAL from judgment of the General Term of the Supreme Court of the second judicial district, affirming a judgment in favor of plaintiff entered upon a verdict, and also affirming an order denying motion for new trial.

This is an action for wrongful conversion of plaintiff's horse, which had been intrusted to defendant to keep and care for.

Answer admits defendant took the horse to keep for compensation, and interposes a general denial of the remainder of the complaint; and by leave of court subsequently set up the plea of a former suit in bar.

The following facts were proved: The delivery of the horse to defendant to be kept and cared for, December 15th, 1866; that the horse was in good condition at the time defendant received him, and so remained till in March, 1867; that plaintiff gave express instructions to take off the horse's shoes, and not to use him, and to give him only such exercise as he could give him by leading him around with a halter, and to let him go barefooted all winter; that defendant violated plaintiff's instructions, by keeping the horse shod, and by using him himself, and by allowing his wife to use him; the horse was foundered and rendered worthless, while in defendant's possession, and when asked to account for it, defendant at first denied having used him, but finally confessed he had, and had allowed his wife to drive him, and had put him in

the stable over night all right, and found him in that condition in the morning; that finding the horse worthless, plaintiff abandoned him on the 1st June, 1867; that this suit was commenced 22d May, 1867; on the 20th June, 1867, defendant had commenced an action against Collins, for the board of the horse before a justice; Collins sought to interpose the pendency of this action in bar to that action; also, that Bennett, by reason of the violation of his compact, could not recover; these portions of the answers were demurred to, etc; the demurrer was sustained; the defence was excluded, and judgment was rendered by the justice against the plaintiff here, for the board of the horse to the 14th of June, 1867, at the contract price. The court charged herein, that the burden of proof was upon defendant, if the horse was sound when received by him, to show that he took reasonable and ordinary care, to which defendant's counsel excepted.

The court also charged, that the defence of a former adjudication was not made out, to which defendant's counsel also excepted.

The jury rendered a verdict in favor of plaintiff for $200.

*J. H. Bergen*, for appellant. The court erred in charging, that burden was upon defendant to show due care. (*Watson v. Bauer*, 4 Abb., U. S., 273; *Curran v. W. C. & M. Co.*; Transcript Appeals, Jan., 1867, p. 59.) The former adjudication a complete defence. (*Aurora City v. West*, 7 Wall., 82, 96, 97, 100; 2 Taylor's Evidence, § 1513; *Henderson v. Henderson*, 3 Hare, 115; 9 Wendell, 287; 1 Wait., Law. & Pr.; 1 Phil. Ev., 223; *Royce v. Burt*, 42 Barb., 655; 6 Abb. Dig., 276, § 12, p. 278; § 21; *Coburn v. Woodworth*, 31 Barb., 381; *Davis v. Talcott*, 12 N. Y., 184; *Booth v. Burt*, 17 Abb., 349; S. C., 43 Bar., 384.)

*E. A. Doolittle*, for respondent. The judgment of the justice no bar. (9 Abbott P. R., 164; 14 Abbott P. R., 206; *Halsey v. Carter*, 1 Duer, 667; see Code, page 225, note b; *Gillespe v. Torance*, 25 N. Y.,

306; *Booth* v. *Burt,* 17 Abb., 349; *Bellinger* v. *Ford,* 14 Barb., 250; *Rockwell* v. *Perrin,* 5 Barb., 573; *Yager* v. *Hamilton,* 6 Hill, 631; 5 Denio, 436; Code, page 225, note c; 21 How., 130; 22 Barb., 146; *Foster* v. *Milner,* 50 Barb., 385; *Louw* v. *Davis,* 13 John., 227; 12 Wend., 504; *Doty* v. *Brown,* 4 Com., 11; *Burrell* v. *Knight,* 51 Bar., 267; *Many* v. *Havens,* 2 Johns., 24; 1 Espinas, 43; 3 Wills, 308; 2 Hill, 481; 6 Term R., 607; 2 Johns., 227; 16 Johns., 136; *Davis* v. *Talcott,* 14 Barb., 611; 2 Hill, 478; *Greenleaf* v. *Butt,* 9 Peters, 292; *Parks* v. *Ross,* 11 How., U. S. R., 362; *Dean* v. *Howitt,* 3 Wend., 257; *The People* v. *Cox,* 4 Seld., 67, 78; *Burdeck* v. *Post et al.,* 12 Barb., 168; *Davis et al.* v. *Talcott et al.,* 14 Barb., 611; *Burrell* v. *Knight,* 51 Barb., 267; *Smith* v. *Weeks,* 26 Barb., 463; *Sweet* v. *Tuttle,* 4 Kern., 465; *Mallett* v. *Foxcraft,* 1 Story, 6 Ct., 474; *Hopkins* v. *Lee,* 6 Wheat., 109; 2 Abbott Nat. Digest, p. 546, §§ 8, 9, 10.) It was incumbent upon defendant to show due care. (*Arent* v. *Squire,* 1 Daly, 347; *Smith* v. *N. Y. C. R. R.,* 43 Bar., 225; 12 Abb., 227.) Defendant should have requested the questions of fact to be submitted to the jury. (*Barnes* v. *Perrin,* 2 Kern., 18; *Bidwell* v. *Lamont,* 17 How., 357.)

PECKHAM, J. Two questions are urged in this case : First. Was the burden upon the defendant, of proving that he took reasonable and proper care of the horse in keeping him, provided the jury was satisfied that he was sound when he was received by the defendant? Second. Was the recovery for his keeping a bar to this action?

Under the proof, there was no error committed by the court as to the first point. There was sufficient and uncontradicted proof of conversion. The defendant took the horse to board on the 14th of December, 1866, at twenty dollars a month, and kept him, as he alleged, and boarded him, until the 14th of June, 1867. He took him, as the uncontradicted evidence shows, with express directions from the plaintiff, the owner, "not to use him or harness him in any way." Yet the defendant both rode and drove the horse, and there is

strong ground to believe, that he foundered him in such use. Whether he did or not is of no moment to inquire. He converted the horse to his own use, when he drove him and rode him, and was liable to an action for such conversion. The plaintiff abandoned the horse to the defendant in May, 1867, and then prosecuted him for his conversion. There was no dispute in regard to this evidence, and a conversion was thereby clearly proved, and no question could therefore arise as to the burden of proof. (*Fish* v. *Ferris*, 5 Duer, 49, and cases cited.) But assume that the injury to the horse is the basis of the action, and I think the rule as to the burden of proof is the same.

The charge is, that if the jury find, that the horse was sound when delivered to defendant, the *onus* is on him of showing that he took proper care of him, and was not guilty of negligence that caused the injury.

Here it will be observed, this horse was in the exclusive possession of the defendant. He had charge and care of him for hire. During that charge he is injured in a way that ordinarily does not occur without negligence; usually not without the horse has been used and then been neglected. This may be safely said on the evidence and upon human experience. In such case the burden rests with the custodian, to show how the injury occurred, and that he was not guilty of the negligence that caused it. (Story on Bail., §§ 406, 411; citing Sir Wm. James & Pothier, 3 Keb., 135; *McDaniels* v. *Robertson*, 26 Verm., 340; *Curtis* v. *Railroad*, 18 N. Y., 544, per GROVER, J.; Ang. on Com. Car., § 266; *Roberts* v. *Riley*, 15 Louis. An. R., 103.)

This rests upon the defendant for two reasons. First. Because the facts are within the defendant's peculiar knowledge, and he should, therefore, prove them. Second. Such an injury does not usually occur, without negligence on the part of the custodian of the animal.

Was the trial and recovery in the justices' court a bar to this action? That suit was commenced on the 20th of June, 1867, and was instituted to recover for boarding the horse for

six months, terminating on the 14th of June, 1867, at twenty dollars per month, and for shoes five dollars. A credit of twenty-five dollars, for so much paid, was given, and a recovery was had for the claim as made. This plaintiff contested that suit, and sought to set up this conversion in bar; it was pleaded, demurred to, and the justice held it was no defence and overruled the defence.

Was that judgment a bar? It will be observed, that the recovery embraced the board of the horse, for about a month after the owner had abandoned him to this defendant, and after this suit was pending to recover for his value.

That judgment judicially established as between these parties, that this defendant still boarded the horse for this plaintiff after this suit was instituted, and that he had fulfilled the contract between the parties for boarding the horse; that he had boarded him with all proper care, and had not converted him to his own use.

If the defendant had converted him to his own use, or had abused the horse and seriously injured him, so that the plaintiff had notified him, that he abandoned the horse to the defendant, then clearly he would not be liable for board to the defendant thereafter, nor in fact at all. The recovery, therefore, necessarily adjudges that proper care was used, that the horse was not converted to defendant's use, and properly abandoned to him.

This defence of conversion was set up and substantially proved, but its effect was erroneously overruled by the justice. See cases below.

This case forms no exception to the rule that the judgment was a bar. If the defence that should legally have been allowed be improperly rejected, the relief is not by a new suit, but by a correction of that error in the same suit. (*Morgan* v. *Plumb*, 9 Wend., 287; *Sheldon* v. *Carpenter*, 4 N. Y., 579.)

I do not see but that a recovery by defendant would have had the same effect. (*Gates* v. *Preston*, 41 N. Y., 113; and see *Bouchaud* v. *Dias*, 3 Den., 238.) In that case the

recovery proved the exercise of proper care and skill upon the man. Here it proved the exercise of proper care upon the horse.

From the testimony I fear that this decision may work injustice in this case, but that cannot change the law.

The judgment is reversed and new trial ordered, costs to abide the event.

ALLEN, GROVER and FOLGER, JJ., concur. RAPALLO, J., concurs in result. CHURCH, Ch. J., not voting.

Judgment reversed.