CHARLES BUCHANAN, APPELLANT, *v.* JOHN W. SMITH, RESPONDENT.

*Loan of articles for a specific purpose — liability of borrower, if they are used for other purposes — burden of proof, as to cause of injuries.*

Plaintiff loaned a yoke of oxen to defendant to plow up a hedge. Defendant used them not only for this purpose, but also to draw stone and to load large stone upon a stone-boat. *Held*, that drawing stone and rolling them on a boat were not the uses for which the oxen were loaned, and that defendant was liable for any injuries to the cattle occasioned thereby.

Upon the trial of an action to recover for injuries sustained by one of the oxen, it appeared that the oxen were sound when taken by defendant; while in his control they were put to unauthorized uses; that when returned one of them was lame. Defendant gave no evidence as to how the injury was occasioned. *Held*, that it was a reasonable inference that the injury occurred while they were improperly used.

APPEAL from an order of the County Court of Wayne county, denying a motion by plaintiff for a new trial, made on a case and exceptions after a nonsuit had been been directed by the court.

*E. M. Walker*, for the appellant.

*J. W. Hoag*, for the respondent.

MULLIN, P. J. :

In April, 1875, the defendant's wife applied to the plaintiff, in behalf of defendant, for the use of a yoke of oxen, of which he was the owner, to plow up a hedge. Defendant consented, and the next day defendant's son went to plaintiff's house and got the cattle. They were then sound and in good order. They were returned in the afternoon of the same day, about three o'clock; one of them was then lame in the shoulder, and the leg was covered with mud. The lameness continued some three months, and plaintiff paid out three dollars for medicine for it.

About nine A. M., of the day on which the oxen were taken by defendant, it began to storm, and it rained and snowed for about two hours. The cattle were used during the storm, not only in plowing the hedge, but in drawing stone and in loading a large stone on a stone-boat.

The defendant had pulled up alder bushes in the vicinity of the hedge, leaving holes in the ground where the alders had grown.

Defendant told plaintiff that the ox had stepped on a rolling stone and had thus caused its lameness.

Several witnesses were permitted to testify, notwithstanding the defendant's objection, that it was not proper to use the oxen in the storm, although it came on while the cattle were used by defendant.

No evidence was given on the part of the defendant. The action was commenced in a Justice's Court of the county of Wayne to recover damages for the injury to the ox, and for loss of its service. The plaintiff had judgment.

The defendant appealed to the County Court of the county of Wayne, and, on the trial, the facts hereinbefore set forth were proved on the part of the plaintiff.

The court, on motion of the defendant, nonsuited the plaintiff. To which ruling and decision the plaintiff's counsel excepted.

The plaintiff's counsel moved for a new trial in said court, and the motion was denied, with costs, and from that order the plaintiff appeals to this court.

The general rule is, that to entitle a plaintiff to recover for injury to property hired by him to another for a compensation to be paid by the lattter, he must prove that the injury was caused by reason of the negligence of the hirer. (Story on Bailments, §§ 397, 399, 413 ; *Harrington* v. *Snyder*, 3 Barb., 380.)

The hirer is bound to exercise ordinary care in the use of the property, and if he fails to use that measure of care, he is responsible to the owner for the damages resulting from his neglect. (Story on Bailments, sections above cited.)

The hirer cannot use the property hired for any purpose other than that for which he disclosed to the owner he intended to use it; and if he appropriates it to another use, and it is injured while so used, the hirer is liable for whatever damages are sustained by it, but he may be liable also as for a conversion of it. (Story on Bailments, § 413 ; *Collins* v. *Bennett*, 46 N. Y., 490.)

Drawing stone and rolling them on to a stone-boat were not the uses to which plaintiff was informed the oxen were to be applied; and the defendant was therefore liable for the damages sustained by them. The defendant's counsel insists that before the defendant can be held liable for the wrongful use of the oxen, it was incumbent on the plaintiff to prove that they were injured while so improperly used.

They were shown to be sound when taken by defendant; that they were used for purposes not disclosed to the plaintiff, and one of them was lamed while in defendant's custody; he could have proved precisely how the injury occurred, but did not, and the inference was a reasonable one that the injury occurred while they were improperly used. (*Collins* v. *Bennett*, *supra*.)

It is said that the plaintiff proved by the admission of the defendant how the injury was done to the ox, and that was by stepping on a rolling stone. But the mud on the leg, and the lameness of the shoulder would indicate that it had stepped into a hole and had thus sprained the limb.

The mud on the leg is accounted for by the defendant's counsel as caused by the ox stepping in the furrow, and cites us to the testimony of the witness Taintor. Taintor does not testify to any such thing. He says the lame ox was the one that would go in the furrow. But it is not proved that he went in the furrow, or that any furrow was made.

No connection is proved between the storm and the injury, and we cannot assume that the use of the cattle during the storm contributed in any degree to the injury.

The plaintiff was improperly nonsuited. The order refusing a new trial must be reversed and a new trial granted, costs to abide event.

Present — MULLIN, P. J., TALCOTT and SMITH, JJ.

Order of County Court reversed and a new trial granted, costs to abide event.