### BISCHOFF *v.* SCHULZ.

*(City Court of Brooklyn, General Term.  May 27, 1889.)*

1. NEGLIGENCE—EVIDENCE—BURDEN OF PROOF.
   Proof by plaintiff that a horse, alleged to have been foundered by defendant's negligence, was in a sound condition when delivered to defendant; that it returned covered with sweat, sick and drooping, and subsequently discovered to be foundered; and that foundering is usually due to negligent treatment,—establishes a *prima facie* case against defendant, and the burden is on him to prove himself free from negligence causing the injury.

2. EVIDENCE—EXPERT TESTIMONY.
   The testimony of a witness that he has "seen many a horse that had been foundered," and that he knows how a foundered horse acts, is not incompetent on the ground that the witness is not an expert.

3. SAME.
   A witness who states that he has had considerable experience in buying and selling horses, and knows something about their value, is competent to testify as to how much a horse has depreciated in value by reason of being foundered.

Appeal from trial term.

Action by Frederick Bischöff against Michael Schulz. The question at folio 123, referred to in the opinion, was as follows: "*Question.* Don't you know how a foundered horse acts? (Objected to; objection overruled; exception.) *Answer.* Yes, sir; I have seen many a horse that had been foundered,—yes." At folio 125, the witness testified: "I have had considerable experience in buying and selling horses. I know something about their value." At folio 130, witness was asked how much, in his opinion, the horse had depreciated in value by reason of his being foundered.

Argued before CLEMENT, C. J., and OSBORNE, J.

*Hirsh & Rasquin,* for appellant. *Reginald Thomas,* for respondent.

OSBORNE, J.  On May 30, 1888, defendant hired a horse from plaintiff, to drive in a team with his own horse "down the road." Defendant returned the horse in the evening of that day, and, soon after, it was discovered that he was foundered. Plaintiff brings this action to recover damages, claiming that the horse was foundered by defendant's negligence. Plaintiff had a verdict, and from the judgment entered thereon, and the order denying motion for a new trial, defendant appeals. The appellant maintains that the learned trial judge erred in denying the motion for a nonsuit, and also that there was no evidence to show that the horse was injured by defendant's negligence. Plaintiff proved that the horse was in a sound condition when delivered to defendant; that, when the horse was returned the same evening, he was covered with sweat, sick and drooping, and the next day was so stiff that he

could not be got out of his stall. Plaintiff also introduced the evidence of the two veterinary surgeons who doctored the horse and pronounced him foundered. They testified that foundering was usually due to careless or negligent treatment. Plaintiff thus established a *prima facie* case, and the burden was then on defendant to show that he was not guilty of the negligence that caused the injury. *Collins* v. *Bennett*, 46 N. Y. 490. The motion to dismiss, at the close of the plaintiff's case, was therefore properly denied. Defendant sought to show that he was careful and prudent in the use of the horse; that the horse was sick when delivered to him; and that his foundering was owing to plaintiff's misuse of the horse before he was delivered to defendant. Here was plainly an issue established, which it was the province of the jury to pass upon; and we think it would have been error for the learned trial judge to have taken it from the jury. The rules of law applicable to the case were fairly presented in the charge of the learned trial judge; and the issue of fact as to defendant's negligence was found against the defendant; and we cannot say that the verdict was against the weight of evidence.

The exceptions of folios 123 and 130 to the testimony of the witness, on the ground that he was not an expert, are not well taken. The question at folio 123 simply asked as to the knowledge of the witness. At folio 125 the same witness showed himself to be an expert as to the value of horses, and thereby completely answered the objection and exception at folio 130. The other exceptions are also untenable. Judgment and order denying motion for new trial affirmed with costs.

CLEMENT, C. J., concurs.