(3 Misc. Rep. 604.)

## WINTRINGHAM v. HAYES.

(City Court of Brooklyn, General Term.  May 22, 1893.)

**1. NEGLIGENCE OF BAILEE—EXPERT EVIDENCE.**

On a claim by the owner of a yacht against a person in whose care it was left during the winter for safe-keeping, it is competent for the owner to show by an expert that injuries sustained by the boat during the winter were not the result of ordinary wear and tear.

**2. SAME—PRESUMPTIONS.**

Where a yacht is left for the winter in charge of a bailee for hire, the fact that in the spring it is found to have sustained injuries such as would not result from ordinary wear and tear raises a presumption of negligence on the part of the bailee, for which he would be liable in damages.

Appeal from judgment on report of referee.

Action by Henry C. Wintringham against J. Noble Hayes. From a judgment for plaintiff, defendant appeals.  Reversed.

Argued before CLEMENT, C. J., and VAN WYCK, J.

R. W. G. Welling, for appellant.

R. Burnham Moffatt, for respondent.

CLEMENT, C. J.  The questions involved as to the second counterclaim seem to have been purely of fact, and the referee found that the boat in question was never delivered to the plaintiff.  There was no dispute that it was left on his premises, and there was a question of fact whether it was so left with him as bailee, or at the owner's risk.  We know of no reason why the finding of the referee on this question should be disturbed.

We are of opinion that the referee erred in dismissing the first counterclaim.  There was testimony to show that the yacht was in "apparently good condition" in the fall of 1890, and was left with the plaintiff, who agreed to care for same for the sum of $20 per month.  In the spring the defendant found the starboard bow of the boat in a damaged condition.  The following is from the testimony of John McDonald:

"Question. Did any of the injuries which you have described exist at the time you delivered the boat to Mr. Wintringham, in the fall of 1890? Answer. They did not. Q. Were the injuries which you have testified that the boat sustained ordinary injuries of wear and tear? (Objected to as calling for a conclusion. Sustained. Exception by defendant's counsel.) Q. What did the general appearance of the boat indicate as to the care which she had received? (Same objection, ruling, and exception.)"

We think that defendant had the right to prove by an expert that the injuries were not the result of wear and tear.  In the case of Collins v. Bennett, 46 N. Y. 490, Judge Peckham said:

"Here, it will be observed, this horse was in the exclusive possession of the defendant. He had charge and care of him for hire. During that charge he is injured in a way that ordinarily does not occur without negligence,— usually, not without the horse had been used, and then been neglected. This may be safely said on the evidence, and upon human experience. In such case the burden rests with the custodian to show how the injury occurred, and that he was not guilty of the negligence that caused it."

In this case the yacht was in the exclusive possession of the plaintiff. He had charge and care of it, for hire. During that charge it is injured in a way that ordinarily does not occur without negligence. We can assume that yachts in the winter are put in a place where injury will not occur without negligence. The yacht was not injured as the result of ordinary wear and tear, for an offer of such testimony was erroneously excluded. A presumptive case of negligence was made out against the plaintiff, and the motion to dismiss the first counterclaim should have been denied. The amount in dispute was $36, and the judgment should be reduced by that amount, and interest from May 1, 1890, making a total of $41.65.

We have examined the other exceptions in the case, and found no error. Judgment reversed and new trial granted, costs to abide the event, unless within 10 days the respondent file with the clerk a stipulation reducing the principal of the judgment by the sum of $41.65, in which case the judgment appealed from is affirmed, without costs.