## HYNES *v.* HICKEY.

1. APPEAL—GENERAL OBJECTION.

    An objection to a question as "incompetent" is too general for consideration on appeal, unless the ground of the objection is apparent.

2. EVIDENCE—BURDEN OF PROOF.

    In an action for damages for failure to feed and properly care for plaintiff's horses, evidence tending to show that they were returned in bad condition by defendant, who had contracted for their keeping, and that such condition was due to want of proper care and food, casts on defendant the burden of proving other cause, if there was any, for their condition.

    Error to Saginaw; Wilber, J. Submitted April 21, 1896. Decided April 28, 1896.

    *Assumpsit* by Thomas Hynes against James Hickey for the breach of a special contract. From a judgment for plaintiff, defendant brings error. Affirmed.

    *W. A. Burritt*, for appellant.

    *James H. Davitt*, for appellee.

    GRANT, J. The defendant agreed with the plaintiff to feed and properly care for a mare and colt for a certain length of time. Defendant received and kept them. Plaintiff paid the consideration agreed upon, and afterwards brought this suit to recover damages for the alleged failure to feed and care for them as the contract provided. Plaintiff received verdict and judgment for $25.

    Two errors are assigned:

    1. Plaintiff was asked the breed of the mare. To this defendant's counsel said, "Objected to as incompetent." The objection was not sufficiently specific, and cannot be

considered, since the ground of the objection was not apparent. *Stevens* v. *Hope*, 52 Mich. 65; *Rivard* v. *Rivard, ante,* 97, and authorities there cited.

2. Plaintiff introduced evidence tending legitimately to show that the animals were returned in bad condition, and that this was due to want of proper care and food.　It was not error to instruct the jury that the burden of proof was then cast upon the defendant to show other cause, if there was any, for their bad condition.　*Collins* v. *Bennett*, 46 N. Y. 490.

Judgment affirmed.

MONTGOMERY, HOOKER, and MOORE, JJ., concurred. LONG, C. J., did not sit.