### MORTIMER v. OTTO et al.

(Supreme Court, Appellate Division, Third Department.    January 4, 1911.)

WAREHOUSEMEN (§ 24*)—LOSS OF GOODS—LIABILITY OF WAREHOUSEMEN.

Where customers leased of warehousemen a specific room for storing certain personal property, and delivered to the warehousemen the property to be deposited and stored in the room, but they stored the property in a building in a different locality, where it was destroyed by fire, the warehousemen are liable for the loss.

[Ed. Note.—For other cases, see Warehousemen, Cent. Dig. §§ 48–54; Dec. Dig. § 24.*]

Appeal from Rensselaer County Court.

Action by Mary E. Mortimer against Henry L. Otto and another. From a judgment dismissing the complaint at the close of plaintiff's evidence, she appeals. Reversed, and new trial granted.

Argued before SMITH, P. J., and KELLOGG, COCHRANE, SEWELL, and HOUGHTON, JJ.

Ransom H. Gillet, for appellant.
Charles I. Webster, for respondents.

COCHRANE, J.    Plaintiff and her daughter leased of the defendants, who are warehousemen, a specific room in a building in the city of Troy for the purpose of storing therein certain personal property, and delivered to the defendants said property for the purpose of depositing and storing the same in said room. The rent of the room was $2.50 a month. Defendants, in violation of their duty, stored the property in a building in a different locality, where the same was destroyed by fire. Plaintiff is the assignee of her daughter's interest in the property destroyed, and brings this action to recover the value thereof. The County Court dismissed the complaint, on the ground that the case presented simply a breach of contract by the defendants, which was not the proximate cause of the loss of the property, and that the fire, which was such proximate cause, was not within the contemplation of the parties when they made their contract.

The case presents a question of bailment. The contract of the bailees was to redeliver on proper demand the property of the bailors. This they have failed to do. Plaintiff, as a part of her case, proved the cause of such failure, viz., the destruction of the property by fire in a place where it was the duty of the bailees not to have the property. In 5 Cyc. 212, it is stated as follows:

"A right of action accrues to the bailor, where the subject-matter of the bailment has been used differently from what was intended, or the bailee fails to deliver over or redeliver in accordance with his contract; where the bailee has been guilty of such a want of care with respect to the subject-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

matter of the bailment that the bailor is damaged thereby; where the bailee has departed from the terms of the bailment, or the instructions of the bailor."

If this be a correct exposition of the law, the liability of the defendants follows. The point of distinction between this case and many of those cited by the respondents is that here the property was devoted or applied to an improper or unauthorized use by the bailees. If they had loaned or leased it, or used it for their own purposes, and it had been stolen or destroyed, clearly their liability would follow. For their convenience or greater profit, or other reasons undisclosed, they failed to deposit it in the room which the bailors had hired, and which for the purposes of this case must therefore be regarded as their own, and placed it elsewhere. The bailees must therefore be regarded in the same light as if they had converted or made an unauthorized use of the property, and must respond in damages for the loss sustained thereto while thus improperly used. Collins v. Bennett, 46 N. Y. 490; Disbrow v. Ten Broeck, 4 E. D. Smith, 397; Buchanan v. Smith, 10 Hun, 474. The English case of Lilley v. Doubleday, 7 Q. B. Div. 510, seems to be a case undistinguishable from this in its facts and directly in point in favor of plaintiff.

The learned county judge was probably misled by the statement of plaintiff's counsel that he sought to recover damages for a breach of contract. He did not, however, limit himself to that ground of recovery, and the allegations of the complaint are sufficient to warrant a recovery on any theory consistent with the facts.

The judgment must be reversed, and a new trial granted, with costs to the appellant to abide the event. All concur.