WILLIAM HARRISON, Appellant, *v.* HAROLD HALL and Another,
Respondents.

Third Department, January 9, 1924.

Bills and notes — action to recover on note secured by chattel mortgage
on cows — plaintiff took possession on default in payment — plaintiff
entitled to difference between fair value of cows and amount due on
note — auction sale, not attended by plaintiff, on condition that
plaintiff might take cows if he would pay more than highest bid is not
effectual to determine fair value — nonsuit properly granted.

In an action on a promissory note given for the purchase price of cows sold to the
defendants by the plaintiff, which was secured by a chattel mortgage on the
cows, the plaintiff was properly nonsuited, since it appears that when the
defendants defaulted in payment, the plaintiff took possession of the cows and
thereafter advertised the property for public sale, at which only two persons
were present; that neither the plaintiff nor the defendants were present at the
sale; that the highest bid for the cows was $51 and they were struck off to the
bidder on condition that if the plaintiff afterwards appeared and was willing
to pay more than such bid he should have the property; and that the plaintiff
afterwards took the cows at $52 and credited the defendants with the balance
left after paying the expenses of the sale.

The sale in question was ineffectual to determine the fair value of the mortgaged
property for, by reason of the condition attached, open, fair and free competition
was prevented.

APPEAL by the plaintiff, William Harrison, from a judgment
of the Supreme Court in favor of the defendants, entered in the

office of the clerk of the county of Broome on the 21st day of May, 1923, upon the dismissal of the complaint at the close of the plaintiff's case. :

*Merchant, Waite & Waite,* for the appellant. ·

*Edmund B. Jenks* [*J. Carver Glezen* of counsel], for the respondents.

COCHRANE, P. J.:

Plaintiff, brings this action on a promissory note executed by the defendants for the purchase price of cows sold to them by the plaintiff. As collateral security the defendants at the same time gave to the plaintiff a chattel mortgage on said cows. Default having occurred plaintiff took possession of the cows by virtue of his chattel mortgage. Having done so it became his duty to take appropriate steps to determine the deficiency provided they were not worth the unpaid contract price. He could not have both the property and the purchase price thereof. (*Olcott* v. *Tioga Railroad Co.,* 40 Barb. 179, 189; *Pulver* v. *Richardson,* 3 T. & C. 436; *Mott* v. *Havana National Bank,* 22 Hun, 354, 357; *Stoddard* v. *Denison,* 7 Abb. Pr. [N. S.] 309; *Morgan* v. *Plumb,* 9 Wend. 287; *Case* v. *Boughton,* 11 id. 106; *Spencer* v. *Harford,* 4 id. 381.) In *Third National Bank* v. *Shields* (55 Hun, 274, 279) it is said: " The presumption of payment, at least to the proved value of the mortgaged property taken possession of by the mortgagee after default, attaches when the mortgagee refuses to sell the property. He thus defeats the ascertainment of the exact sum the property could produce, and it is right that he should be charged with its fair value." Plaintiff attempted to comply with this requirement. He advertised the property for public sale and had a public sale thereof. At the sale only two persons were present. Neither the plaintiff nor the defendants were there. The highest bid for the four cows was fifty-one dollars. The auctioneer struck them off to the bidder on condition that if the plaintiff afterwards appeared and was willing to pay more than such bid he should have the property. The plaintiff subsequently concluded the property was worth more than fifty-one dollars offered at the sale and allowing fifty-two dollars therefor retained the property and after paying the expenses of the sale credited the balance of twenty dollars on the promissory note. Such a sale was ineffectual. It did not furnish any criterion of the fair value of the property. Had plaintiff been present at the sale it does not follow that he would have procured it for fifty-two dollars. For anything that appears the other bidder might materially have increased his bid. By such a condition as was attached to the sale, open, fair and free competition was prevented. The trial court properly held that the method pursued at the auction

was not such as to constitute a legal public sale "where free opportunity was given for bidders to purchase without restrictions." All of the foregoing facts were established by the plaintiff as a part of his case. When he rested the defendants moved for a nonsuit which motion was properly granted, no evidence having been produced showing the difference between the purchase price of the mortgaged property and its value.

The judgment should be affirmed, with costs.

Judgment unanimously affirmed, with costs; McCANN, J., not sitting.