CLARENCE THEW, Appellant, v. GEORGE B. RAY, Respondent.— Appeal from an order dismissing the complaint on the ground that the complaint did not state facts sufficient to state a cause of action. The defendant sold a farm of the plaintiff while plaintiff was away in New York, together with the personal property on the farm. He failed to take care of the stock of the plaintiff and return it to him when he returned, as it is alleged in the complaint he agreed to do, and the third cause of action alleges that the defendant now claims to own the personal property under a bill of sale which he procured plaintiff to sign when plaintiff was unable to see. The complaint as a pleading leaves much to be desired and it may be that it would be wise for the plaintiff to redraw his complaint before going to trial, so that the issues may be clearly stated. Under the cases of *Roberts* v. *New York Life Insurance Co.* (195 App. Div. 97); *Collins* v. *Bennett* (46 N. Y. 490), and *Whipple* v. *Brown Brothers Co.* (225 id. 237), the complaint states facts sufficient to constitute a cause of action and the order dismissing the complaint should be

reversed. Order reversed, on the law and facts, with ten dollars costs and disbursements, and motion denied, with ten dollars costs. Hill, P. J., Rhodes, McNamee, Crapser and Heffernan, JJ., concur.