The Chancellor.
Abraham Eldridge, in his lifetime, .with his wife Rebecca, the defendant in this suit, on the fifth of May, 1849, executed to the complainant a mortgage upon a house and lot. in the county of Mercer, to secure the payment .of $365, with interest. On the tenth of March, 1860, .the complainant recovered a judgment in the Mercer Circuit against the mortgagor. By virtue of an execution issued upon this .judgment, and of other executions against the same defendant, the sheriff of the county of Mercer, by deed bearing date on the first day of .August, 1860, conveyed to the complainant all the estate and interest of the mortgagor in the mortgaged premises subject to the complainant’s mortgage. By virtue of the mortgage and the sheriff’s deed, *197 as well the legal title as the equity of redemption of Abraham Eldridge, the mortgagor in the mortgaged premises, was divested, and the entire legal and equitable estate vested in the mortgagee.
The equity of redemption of the widow in her dower right was not affected by the sheriff’s sale, and upon her husband’s death she became entitled, as doweress, to redeem the mortgage. It is to foreclose that equity that this bill is filed. The bill does not ask a sale of the mortgaged premises. The legal title, as well as the equity of redemption of the mortgagor, is already in the complainant. He only asks that the widow should redeem the mortgage, or that her equity of redemption should be foreclosed.
The first ground of defence is, that the mortgage debt was included in the judgment under which the equity of redemption was sold, and was thereby extinguished. The only evidence in support of this allegation consists of parol evidence of the declarations of the obligor, and an extra-judicial affidavit made by him in his lifetime. All this testimony is clearly incompetent. The former is mere hearsay evidence. The latter is inadmissible upon well settled principles. The affidavit moreover contains no averment that the mortgage debt was included in the judgment. The allegation is fully met and denied by the evidence of the complainant himself, and so far as his knowledge extends, by the evidence of the subscribing witness to the bond. It must be assumed that the mortgage is a subsisting debt — there is no proof to the contrary.
The second ground of defence is, that the defendant is entitled to dower in the mortgaged premises, as well against the complainant as all others, and that she is entitled to hold and enjoy the premises till dower be assigned her.
It is not denied that the widow is entitled to dower against every one except the mortgagee and his assigns. But as against the mortgagee, or those claiming under him, she is not entitled to dower, although the equity of redemption of the husband has by release or conveyance been united to the *198 legal title of the mortgagee. Woodhull v. Reid, 1 Harr. 128; Thompson v. Boyd, 1 Zab. 58; S. C. in error, 2 Zab. 543.
The mortgagee, having purchased the equity of redemption, has united the equitable title of the mortgagor to his own legal title. He holds the- legal estate by virtue of the mortgage; and where the wife is a party to the mortgage, or the mortgage is given prior to the coverture, she can only •claim her dower subject to the mortgage, and that not at law but in equity only. If she seeks to enforce her legal right to dower, she can do so only by redeeming the mortgage. Hartshorne v. Hartshorne, 1 Green’s Ch. 356; Russell v. Austin, 1 Paige 193; Opdycke v. Bartles, 3 Stock. 133.
Tire widow having the right of redemption by virtue of her interest as doweress, the party having the estate under the mortgage is entitled to foreclose. The rights of the •mortgagee and mortgagor, with regard to foreclosure on the 'one hand, and redemption on the other, are mutual. The ■existence of the former involves that of the latter. Caufman v. Sayre, 2 B. Monroe 206; 2 Hilliard on Mortgages 1.
From the frame of the answer, as well as from the suggestions made by the counsel of the defendant upon the argument, it seems to have been desired that the court should in this suit ascertain and declare the value of the complainant’s interest in the equity of redemption. But the frame of the bill is not adapted to that form of relief. The complainant merely asks a foreclosure of the defendant’s equity of redemption. He is entitled to relief according to the prayer of his bill.