Stone *v.* Stone.

MATILDA T. STONE

*v.*

WILLIAM C. STONE.

1. In a suit for divorce for desertion, unless the master reports the facts and circumstances under which the desertion took place, and the reasons which produced it, if ascertainable, in conformity to the 159th rule, the case will be sent back for further proofs and report.

2. A master must perform the duties, under an order of reference, in person—neither his authority nor his duty can be delegated.

3. As a general rule, when the defendant is non-resident, and jurisdiction must be acquired by publication, it should be made in the county where the parties resided when the desertion took place.

4. A complainant who procures an order of publication, directing an improper or insufficient publication to be made, takes it at his peril.

Final hearing on bill, proofs and report of special master.

*Mr. J. M. Scovel,* for complainant.

Stone *v.* Stone.

THE VICE-CHANCELLOR.

This is an action for divorce on the ground of desertion. The suit is by a wife against her husband. No evidence has been produced of the circumstances under which the alleged desertion took place. No facts concerning it are stated in the testimony, except those given by Charles H. Hagerman (a fellow-clerk of the defendant in a New York hotel), who, among other things, says: "I asked him during the early part of the year 1875, if he had any reason for leaving his wife; he replied that he had no means to support her." He also says: "At another time he told me that he had left his wife for good, and never expected to live with her again."

The 159th rule directs that in suits for divorce based on desertion, the master shall examine into and report the facts and circumstances under which the desertion took place, and the reasons which caused or provoked it, if the same can be ascertained. This rule has not been complied with, and, in accordance with the practice adopted in *Leaming* v. *Leaming*, 10 *C. E. Gr.* 241, the master must take further proofs, and make a report in conformity to the rule referred to.

Neither the testimony nor the report are in the handwriting of the master; he has merely subscribed his name to the jurats and report. The body of the report appears to have been drawn by the same hand that drew the bill. The duties under an order of reference, especially in a divorce case, must be performed by the master in person; he cannot delegate his authority, nor perform his duties by a subordinate.

Even if a sufficient case had, in other respects, been made, a decree for divorce would not be advised in the present condition of the case. At the time this suit was commenced it appears the defendant resided in the city of New York, and the complainant at Cranford, in Union county. Notice of the suit has been given by publication in a newspaper published in Camden. The object of the law in requiring

Stone *v.* Stone.

publication to be made when the defendant is non-resident, is to give him notice of the suit, so that he may appear and defend if he desires; jurisdiction of his person may be acquired without other notice than publication; it is, therefore, essential to the proper accomplishment of the purpose of the law, that publication should be made at that place in this state where the notice is most likely to come to his attention. The place of publication selected in this case, was evidently made inconsiderately, for it is obvious, I think, that a publication made at a point so remote from the residence of both parties as that made in this case, was more likely to frustrate than effectuate the purpose of the law. As a general rule publication should be made in the county where the parties resided at the time the desertion took place. Publication at a point so remote from the residence of the complainant as that made in this case, furnishes strong ground for suspicion that the place of publication was selected with a design to avoid giving publicity to the suit, even if it be conceded that it affords no cause for suspecting a worse motive. It is enough to say of such a design, that, in divorce suits, no proceeding can be tolerated having the slightest appearance of stealth or secrecy.

In practice, orders of publication are signed, almost as a matter of course, just in the form in which they are presented by the solicitor, in the belief that he has designated the proper place of publication; if an order is obtained directing an improper or insufficient publication, the suitor must suffer the consequences. It is one of the methods of acquiring jurisdiction over the person of a non-resident defendant; the law directs publication to be made, with a view of giving him, if possible, actual notice of the suit, and the court ought not, therefore, to assume jurisdiction over him until it is satisfied that such publication has been made, in the particular case, as the law intended should be.

An affidavit is on file, stating that notice of the suit has been sent to the defendant by mail; if proof is filed within twenty days, showing that the defendant had actual notice

of the suit before the time for answering had expired, an order may be taken requiring the master to take further proofs, and to make a supplemental report; if such proof is not made, a new order of publication must be taken, in order that notice may be given under it in such manner as will accomplish the object of the law, or the bill must be dismissed.