## GEORGE D. PETTINGILL

### *v.*

### JANE HUBBELL.

1. Where a complainant who purchased at foreclosure sale a portion of the mortgaged premises, files a bill for strict foreclosure against a defendant who purchased the same portion of the mortgaged premises from an owner of the whole premises, who was not made party to the foreclosure suit, and whose rights were not foreclosed, it is not necessary that the persons interested in the remaining lands, either as succeeding to the original mortgagor or mortgagee, should be made parties.

2. In such bill of strict foreclosure, if it appears by the bill that the remaining lands are still owned by the defendant's grantor, or were not conveyed by her previous to the conveyance to defendant, the defendant would appear to be entitled to have the remaining lands first sold to satisfy the mortgage, and the bill must allege that the mortgage was not paid by the sale of the remaining lands, and that the value of these lands is not sufficient to pay the mortgage debt. Demurrer sustained for want of such allegation.

3. On such bill for strict foreclosure, the court will determine, upon the proof, the amount of the mortgage properly chargeable against the portion owned by the defendant.

On bill and demurrer.

*Mr. Samuel A. Patterson,* for the complainant.

*Mr. Aaron E. Johnston,* for the demurrant.

EMERY, V. C.

The complainant in this case is the purchaser, at sheriff's sale under foreclosure proceedings, of a portion of the premises covered by a mortgage, and a portion of the premises directed to be sold by the execution in these foreclosure proceedings. By force of this sale, the complainant, under the decree and foreclosure, has succeeded to the rights of the parties to the suit, complainant as well as defendants, in this portion of the mortgaged premises, and, so far as appears by the bill, is the only

person interested in these lands as succeeding to such rights. The defendant is the purchaser of this same portion of the mortgaged premises, by deed from the person who owned the premises at the time of foreclosure, this deed being made subsequent to the foreclosure sale. The conveyance to defendant was made subject to the mortgage which was foreclosed. By mistake, this owner of the premises was not made a party to the foreclosure proceeding, and therefore neither she nor her grantee, the defendant in this suit, is cut off by the foreclosure sale. The complainant, who paid $250 for his lot at the sheriff's sale, files this bill for strict foreclosure against the defendant, not making any other persons parties. The defendant demurs, first, because of the non-joinder, as parties defendant, of all the persons now interested in any portion of the entire mortgaged premises, as succeeding to the rights of the original mortgagor or of the original mortgagee. No persons are named in the demurrer as such proper parties. This reason seems to me to be based on a false theory of the nature of this bill, and of the rule of equity as to parties. The only persons interested in this particular property, so far as appears by the bill, are the complainant on the one hand, as succeeding to the interests of the mortgagee therein, and the defendant on the other, as succeeding to the interest of the mortgagor. There are no other persons interested in this land, and equity should not require the owners of interests in the other portions of the mortgaged premises to be made parties to this litigation. It is possible that in the adjustment of the rights of complainant and defendant in this suit, it may be necessary to inquire into the value of the remaining lands, and the time and order of the alienation of any of the remaining lands, for the purpose of determining what proportion, if any, of the mortgage debt, defendant is to pay ; but this will not require complainant to join all the persons having interests in such remaining lands as parties to this litigation, relating to lands in which they have no interest whatever.

The second ground of demurrer is based on the complainant's failure to state whether all of the mortgaged premises were sold at the foreclosure sale, what was paid at the sale, and what re-

mained unsold, and the owners of any interest in any portion of the mortgaged premises. As to the latter, the only necessary object of stating the interests would be for making them parties, and this, as above stated, is unnecessary. Whether, in view of the ownership of the remainder of the premises as it is now left to be inferred from the bill, the complainant should not have stated that the sale of all the mortgaged premises failed to produce sufficient to satisfy the mortgage, is a question of more difficulty. So far as any ownership of the residue of the mortgaged premises is disclosed by the bill, this is now owned by Melissa Osborn, the owner at the time of foreclosure. If this was the real condition of the title at the time of filing this bill, then by her conveyance to the defendant, the balance of the premises was, as between defendant and Melissa Osborn, first chargeable with the payment of the mortgage. The statement in defendant's deed that the property was conveyed to her subject to the mortgage, would only mean "subject," in the legal and equitable course. If, therefore, the whole mortgage was paid by the sales of the other portion of the mortgaged premises, or if the value of the remaining premises is equal to the whole amount due on the mortgage, the defendant's property would be free from the payment of any portion of the mortgage. For while the decree and sale in the foreclosure proceedings may have made regular and valid, complainant's succession to the title of the mortgagee, and of the other parties to the suit, in the portion of the mortgaged premises which he purchased under foreclosure, it could not destroy the equity of the mortgagor's grantee of the same premises, to have the mortgage first satisfied out of the portion remaining to grantor and her subsequent grantees. The relative rights of the other purchasers at the foreclosure sale, if any, and of the omitted owner, or her grantees of their lands, cannot be adjusted in this suit, but the complainant having by his bill shown title in Melissa Osborn in the remaining land, should by proper allegations show in his bill and prove as part of his case that the mortgage was not paid by the sale of the residue of the lands, and that the value of the lands remaining, after the conveyance to the defendant, is not

Pettingill v. Hubbell.

sufficient to pay the amount now due on the mortgage. An analogous rule is followed in cases where a strict foreclosure is allowed to mortgagees, and where the mortgage debt is held to be satisfied only to the extent of the value of the premises foreclosed; this value of the whole mortgaged premises being a matter of proof in an action to recover any balance alleged to be due on the mortgage debt. *Spencer* v. *Harford, 4 Wend. 381, 385; Morgan* v. *Plumb, 9 Wend. 287, 292; 8 Am. & Eng. Encycl. L. 187, and note 13.*

In the present case, the complainant, as mortgagee, may require the defendant, as mortgagor of the particular portion of the entire mortgaged premises in which they and they alone are interested, to redeem so much of the entire mortgage as may be equitable, but, as the complainant's bill shows that the defendant's title has the equitable benefit of the appropriation of the remaining lands to the payment of the mortgage debt, the bill, in order to state an equitable cause of action, must allege that the mortgage debt has not been satisfied by the sale of the remaining lands, and that the value of the remaining lands is not sufficient to satisfy it. An amendment will be allowed for this purpose.

The third and fourth causes of demurrer attack the complainant's right to require the sum he paid for the premises at the foreclosure sale to be the measure of defendant's obligation to free her property from the lien of the mortgage. But under the general prayer for relief, the court will adjust the amount to be paid for the redemption upon an equitable basis, and the claim of complainant to the payment of this specific sum is not ground for general demurrer. The court will determine, on the proofs in the cause, how much should be credited on the mortgage on account of the remaining lands, following in this respect its practice in cases where the mortgagee has purchased the mortgaged premises under sale on judgment recovered on his bond. *Lydecker* v. *Bogert, 11 Stew. Eq. 136 (Chancellor Runyon, 1884).*

The second cause of demurrer is therefore sustained, and the other causes overruled.