*84 N. J. Eq.*                    Smith *v.* Smith.

GWINNUP T. SMITH et ux. and MARY C. SMITH

*v.*

CLINTON B. SMITH et ux. et al.

[Decided December 18th, 1914.]

After decree a bill will not be dismissed even with consent of all the parties.

On application to open decree and dismiss bill.

*Mr. Nicholas Harris,* for the motion.

WALKER, CHANCELLOR.

This is a partition suit. Under a decree for sale the lands were struck off and sold to Lena K. Smith. The sale was confirmed some three years ago, since which time the cause has slept. The deed has not been delivered. Application is now made by and on behalf of all of the parties to the cause to open the decree and dismiss the bill. They have all consented, in writing, and the consent is also signed by the master who sold the property, but not by the purchaser. However, she signed the consent as a witness to two of the parties whose names appear upon it, and, it is fair to assume, that she too is consenting. Nevertheless, the motion cannot be granted.

It was expressly held, in *Hudson Trust Co.* v. *Boyd, 80 N. J. Eq. 267,* that—

"After decree the proceedings are under the control of the court and will only be opened to let in a defence, prevent fraud or mistake, or otherwise further the ends of justice, and this whether the proceedings and decree have been enrolled or not, a decree being efficacious to all intents and purposes as soon as it is made; after decree, in order to effectuate a settlement by the parties, the proper practice is to stay proceedings and not to dis-

miss the bill; a bill after decree will not be dismissed even with consent."

It is perfectly obvious that the present application is not to let in a defence, or to prevent fraud or mistake, or otherwise to further the ends of justice. It is, on the contrary, to further no end save the convenience of the parties who invoked the jurisdiction of the court and obtained a decree settling the rights of all. This motion could not be granted without flatly overruling *Hudson Trust Co.* v. *Boyd, supra*. What the parties may do to effectuate their purpose is to have the deed executed and delivered, and then have the purchaser make a conveyance to them in proportion to their respective interests. That would revest in them the title divested by the sale and conveyance under the decree.

The petition will be dismissed.