# JOHN COLLINS

## *v.*

## MARY KIEDERLING et al.

### [Decided May 23d, 1916.]

1. A selling master acts under a naked power; that is, one which is without interest in the property which he is to sell; and it is his duty to conduct a sale as ordered in the decree. He has no power to sell free from liens, unless the decree so provides.

2. No one but a party to a suit can make any motion in it except for the purpose of being made a party; and a petition filed by a stranger to a suit will be dismissed.

3. A purchaser at a judicial sale, not a party to the suit, is made a party by the purchase, so far as questions arising from the sale are concerned.

4. A decree cannot be made as to any person who is not a party to the suit; and, as to persons who are interested as parties and are not before the court, the case may stand over until they are made parties.

5. *Semble*, that under the proviso of section 35 of the act concerning the sale of lands (*4 Comp. Stat. p. 4686*), taxes due a municipality, which are a lien on the entire premises, and a mortgage, which is a lien upon the entirety of one of the tracts sold, can, upon the municipal corporation and the mortgagee being brought in as parties, be ordered paid out of the proceeds.

On petition of selling master for leave to pay liens out of proceeds of sale in partition, the lien holders not being parties, and there being no direction in the decree for such payment.

WALKER, CHANCELLOR.

This is a partition suit in which a decree for sale was made, and the property described in the bill was sold by the special master appointed for that purpose. The decree ascertains the rights of the persons seized of undivided interests therein and orders the premises sold, including the inchoate right of dower of the wife of the complainant. The selling master made his report of sale in the usual form and it was duly confirmed. He subsequently filed a petition in the cause in which he recites that the master to whom the cause was referred for a report as to whether the lands could be partitioned, or should be sold in lieu thereof, found and reported, among other things, that it appeared from the abstract of title produced before him that the undivided estate or interest in the lands of none of the parties was subject to any lien by mortgage, judgment, decree, or otherwise, but that one of the tracts of which partition was sought was subject to a mortgage held by Michael Mooney. The special master in his petition also states that in making the report of sale he omitted to set forth that the tracts were sold free of all known liens and encumbrances, and that at the time of sale the mortgage mentioned and certain taxes in arrears were liens against the lands, and that the premises were sold free and clear thereof. He prays that out of the money arising from the sale he be ordered and directed to pay the amount of principal due on the mortgage on part of the premises into court, and that the mortgage be canceled of record by order of this court; and further, that he be ordered to pay the amount of taxes in arrears.

1. The bill prays that in case of a sale the money arising from the share or interest of any party against whom there are existing liens or encumbrances held by a creditor of such party, who was a party defendant, be brought into court, &c. No creditor of any party was made a party to the suit. There was no direction in the decree for a sale free from liens and encumbrances,

and yet the master reports that he made such sale "free from all known liens and encumbrances," but omitted to make mention of that fact in his report of sale. The master, therefore, assumed a power which was not delegated to him. It was his duty to conduct the sale in the manner ordered in the decree. Furthermore, he has no right to file a petition in the cause praying for the distribution of the moneys raised by the sale, or any part of them.

2. No one but a party to a suit can make any motion in it, except for the purpose of being made a party. *Linn* v. *Wheeler, 21 N. J. Eq. 231.* And a petition filed by a stranger to a suit will be dismissed. *Esterbrook Company* v. *Ahern, 31 N. J. Eq. 3.* The conduct of suits belongs to the parties to them, and only they have the right to apply for order or direction.

3. This is not the case of a purchaser asking to be relieved of his bid because of the existence of any lien or encumbrance on the premises sold, under section 35 of the act relating to the sale of lands (*Comp. Stat. p. 4686*), and yet, under the proviso of that act, the court might direct the liens to be paid out of the proceeds of the sale on application of the purchaser or other party. A purchaser at a judicial sale, not a party to the suit, is made a party by the purchase, so far as questions arising from the sale are concerned; and he has standing in court sufficient to be heard upon the subject of the disposition of the purchase-money, so far as he may be interested in its distribution. *Shann* v. *Jones, 19 N. J. Eq. 251.* In that case it was held (at *p. 254* of *19 N. J. Eq.*) that a sheriff was not authorized to release the purchaser from his bid or yield any substantial right affecting the defendant. In the case at bar, the special master occupied relatively the same position as the sheriff. He is the mere selling officer of the court and acts under a naked power—that is, one which is simply collateral and without interest in the property which he is ordered to sell and convey. When the court ordered the sale of the premises in question without authorizing that sale free from liens, a sale cried off on such terms, namely, free from liens, if consummated, would divert some of the purchase-money for the payment of the liens, and would therefore invade

the substantial rights of the defendant owners of the property. Of course, the liens, if valid, may be collected by the creditors, and may, ultimately, be made out of the property sold in this suit, but the question on this record is whether they shall be paid out of the owner's funds, being the proceeds of the sale, without their consent and without any proper proceedings looking to that end.

Directions as to the conduct of a judicial sale are given by the decree for sale in the particular case, and the sale must be according to such directions. *24 Cyc. 21.* And title depends upon the master's execution of the powers as directed. *Craig* v. *Smith, 84 N. J. Eq. 593, 598.* Such title may be defeated in whole or in part, as the case may be.

4. A decree cannot be made as to any person who is not a party to the suit. *Armstrong* v. *Armstrong, 19 N. J. Eq. 357.* As to persons who are interested as parties and are not before the court, the case may stand over until they are made parties. *Id. 360.*

5. It seems that under the proviso of the act concerning the sale of lands (section 35, *supra*), the taxes due a municipality, and which are a lien on the entire premises sold, and the mortgage which is a lien upon the entirety of one of the tracts, can, upon the municipal corporation and the mortgagee being brought in as parties, be ordered paid out of the proceeds. As to the taxes, see *Craig* v. *Smith, supra.*

The petition of the special master will be dismissed. The parties to the suit, or any of them, may apply for a resale, or to make lienholders parties, or for other relief, as they may be advised.