THE CITY OF PASSAIC AND BERNARD GILLEN, APPELLANTS, v. LOUIS GROSS, RESPONDENT.

Submitted December 10, 1923—Decided March 3, 1924.

1. An order made by a justice of the Supreme Court reciting that "the court having inspected the transcript and proceedings * * * returned with the writ of review," and concluding that "it is ordered" that the judgment of the police court be "set aside," is an appropriate order upon a summary review by a justice of the Supreme Court under chapter 228 of laws of 1908 (*Pamph. L.*, p. 442) of a conviction by a police judge under an ordinance.

2. A justice of the Supreme Court upon summary review of a conviction under an ordinance by a police judge inadvertently entitled his opinion in *certiorari;* but by an order appropriate to summary review set aside such conviction. Later he made and entered a rule reciting that the opinion was so entitled by inadvertence, and ordered that the opinion and "proceedings" be and were amended so as to provide that the "proceedings before the said justice were and are under said chapter 228 of laws of 1908 aforesaid and not on *certiorari."* *Held,* that such amendment rendered such order setting aside the conviction, if it was not before strictly so, a statutory order upon summary review.

3. Where a writ of *certiorari* is erroneously dismissed by the Supreme Court on final hearing the Court of Errors and Appeals will not merely reverse the judgment, but will render such judgment of affirmance or reversal of the proceedings brought up by the *certiorari* as the Supreme Court should have given upon the merits.

4. An ordinance of the city of Passaic enacting that "any person who shall in any place in the city of Passaic * * * behave in a disorderly manner * * * shall be liable to a penalty of $5 for every offense," is not limited to public places. And proof in a prosecution thereunder that the defendant behaved in a disorderly manner in a railroad car and on the platform and steps thereof, while such car was standing at the station in the city of Passaic, justified his conviction.

On appeal from the Supreme Court. 1 *N. J. Mis. R.* 57.

For the appellants, *Collins & Corbin* (*Edward A. Markley* and *Charles W. Broadhurst,* on the brief).

For the respondent, *Weinberger & Weinberger* (*Joseph J. Weinberger,* on the brief).

The opinion of the court was delivered by

TRENCHARD, J. This appeal brings up for review a judgment of the Supreme Court dismissing a writ of *certiorari* which had been allowed to review the order made by one of its members sitting as a special statutory tribunal, for the purpose of summarily reviewing a conviction of the respondent by the police judge for the violation of an ordinance of the city of Passaic.

The respondent, Louis Gross (hereinafter called the defendant), was a passenger on an Erie railroad train and car-

ried with him a large bundle. His attention was called to the rule of the company requiring bulky packages to be checked, and he was asked to check his bundle with the baggagemaster in the baggage compartment of the car in which he was riding, but he refused. When the train stopped at the Passaic City station the defendant was again requested by an official of the company either to take the bundle to the baggage compartment or leave the train. Upon this request being made the defendant indulged in loud, profane and abusive language, and was ejected from the train. He was prosecuted for acting in a disorderly manner under the Passaic City ordinance enacting that "any person who shall in any place in the city of Passaic * * * behave in a disorderly manner * * * shall be liable to a penalty of $5 for every offense." At the hearing he was found guilty and sentence was suspended.

Upon application made to Mr. Justice Minturn under chapter 228 of *Pamph. L.* 1908 (at *p.* 442), such conviction was summarily reviewed by such justice.

We pause here to point out that while such act provides for such summary review upon application "by any person who has been convicted before any police justice," &c., the application in the present case (which, of course, was in writing) was made by "Joseph J. Weinberger, attorney for Louis Gross." Of course, Mr. Weinberger is an attorney-at-law, and is the attorney of Gross; but whether such a petition is one made by the "person who has been convicted" or is one made by a stranger with no remedial interest, and hence subject to dismissal, is a question which is not argued and will not be determined. In that connection, however, see *Collins* v. *Kiederling,* 87 *N. J. Eq.* 12, and *New Jersey Photo-Engraving Co.* v. *Carl Schonert & Sons,* 95 *N. J. Eq.* 12.

The justice, upon such summary review of the conviction, held that "place" (in the ordinance) meant "public place," and that a railroad car is not a public place. Accordingly, he ordered the conviction set aside.

Now it appears that in his written opinion dealing with such conviction Mr. Justice Minturn inadvertently desig-

nated the proceeding as "on *certiorari,* removing conviction." This mistake was discovered when the present prosecutors applied to the justice for this writ of *certiorari* to review his order setting aside the conviction. Accordingly, at the same time the writ was allowed, the justice, with the consent of all parties, made and entered a rule reciting that the opinion was entitled in *certiorari* by inadvertence, that such proceeding was really a summary review, and ordering that "the *proceedings* herein be and the same are hereby amended, and the said opinion be and the same is hereby amended so as to provide that the said proceedings before the said justice were and are under said chapter 228 of laws of 1908 aforesaid, and not on *certiorari."*

When the Supreme Court came to deal with the matter so brought up by the *certiorari* it said: "The record does not show that the *judgment* was amended so as to conform with the provisions of chapter 228 of laws of 1908, page 442, relating to a summary review of convictions under ordinances, and so far as the record stands there was no order made by the justice under the statute, but in lieu thereof he gave judgment by virtue of his judicial office reversing the conviction. * * * We think we are concluded by the record, and as a writ of *certiorari* will not lie to a judgment of the Supreme Court, the writ must be dismissed, as being improvidently allowed."

Now in that result we do not concur, because it seems to us that the premises upon which it rests are not well founded in point of fact.

Examining the order (or so-called judgment) made by the justice, we find it is an appropriate order upon a summary review under the act of 1908. It recites that "the court having inspected the transcript and proceedings * * * returned with the writ of review," and concludes that "it is ordered" that the judgment of the police court be "set aside."

Manifestly, "the court" is the summary tribunal, and the "writ of review" is the order calling for the proceedings brought up.

Moreover, the rule thereafter made and entered by the justice amending the "proceedings" was intended to, and did in effect, include the order as well as the opinion, and rendered such order, if it was not before strictly so, a statutory order upon summary review. The writ of *certiorari* was therefore properly allowed, and its dismissal by the Supreme Court was erroneous and should be reversed.

Where, as here, a writ of *certiorari* is erroneously dismissed by the Supreme Court on final hearing, this court will not merely reverse the judgment below, but will render such judgment of affirmance or reversal of the proceedings brought up by the *certiorari* as the Supreme Court should have given upon the merits. *Hoxsey* v. *Paterson*, 39 *N. J. L.* 489; *State* v. *Rodgers*, 91 *Id.* 212.

Upon the merits we are of the opinion that the defendant, Gross, was properly convicted by the police justice, and that the order setting aside such conviction on summary review was erroneous.

The ordinance under which the defendant was prosecuted says "that any person who shall in *any place* in the city of Passaic" behave in a disorderly manner shall be liable, &c., and is not limited to public places. The proofs showed conclusively that the defendant behaved in a disorderly manner in the railroad car and on the platform and steps thereof while the car was standing at the station in the city of Passaic, and hence clearly justified his conviction. This makes it unnecessary to consider the question whether a railroad car is a *public place* upon which the matter turned in the reviewing tribunal.

The judgment of the Supreme Court will be reversed and the record remitted to that court, to the end that the judgment of the recorder's court be affirmed, with costs.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, CAMPBELL, HEPPENHEIMER, GARDNER, VAN BUSKIRK, CLARK, JJ. 9.