The solicitor of the complainant has handed to the court a petition of himself as such solicitor; it alleges that the bill of foreclosure was filed and a final decree entered; that subsequently it was discovered that there was an outstanding judgment (meaning that it was recovered before bill filed), and that the judgment creditor was not made a party defendant; that the judgment creditor has stipulated that he shall *Page 67 
be bound by all the proceedings and decrees in the matter; that a supplemental report has been filed (but has not) setting forth the priority of the lien of the judgment, and the petitioner (solicitor) prays that the final decree shall be amended so that the same shall include the judgment creditor in the order of priority set forth in the master's report (meaning supplemental report), and that he shall be bound by all the decrees heretofore entered herein, and that the report of the master as to the supplemental matters (supplemental report) shall be confirmed and the mortgaged premises sold to raise and pay the money set forth in the final decree and amended final decree; that an execution issue pursuant to said decrees, and that the judgment creditor be adjudged and decreed to be barred from all equity of redemption, and for other relief. The petition is verified by the oath of the solicitor.
This petition is entirely unwarranted and irregular, and must be returned to the soilcitor. An attorney, says Blackstone, is one who is put in the place, stead and turn of another to manage his matters of law. 3 Bl. Com. 26. And, says the same author, to practice in the court of chancery it is necessary to be admitted a solicitor therein. Ibid. With us the successful applicant is admitted to both degrees at the same time. Obviously, an attorney in a law court, or a solicitor in chancery, is the mere agent or representative of a party, but not a party himself. And it has already been decided that no one but a party to a suit can make any motion in it except for the purpose of being made a party; and a motion made by a stranger to the suit will be dismissed. Collins v. Kiederling, 87 N.J. Eq. 12; New Jersey Photo Engraving Co. v. Schonert Sons, 95 N.J. Eq. 12.
The conduct of suits belongs to the parties and they only have the right to apply for order or direction. Collins v.Kiederling, supra 14. A solicitor not being a party is a stranger to a suit in a legal and technical sense. He is only the representative of a party, and can only file papers in the name of his client, being presumed to have authority to do so. This petition, therefore, will be returned to its author. *Page 68 
But, not being the only defect in the proceedings there will have to be further amendment.
The defendants are Stefan Jurczak and Mary, his wife, the mortgagors, and George Baldwin, the holder of another mortgage prior in date of execution, but which was postponed to the lien, of complainant's mortgage.
These defendants being brought into court by subpoena and not having answered, the complainant entered a decree pro confesso
and order of reference, in which, after the bill was taken as confessed, it was further ordered that it be referred to a master to ascertain and report the amount due to the complainant for principal and interest upon the mortgage held by him upon the premises described in the bill, and to report accordingly. So that the master, by the terms of the reference, was restricted to reporting upon the complainant's mortgage. Instead, he filed a report in which he certified the amount due to the complainant and to the defendant Baldwin, and that the latter's mortgage was postponed in favor of complainant's, so that complainant is entitled to priority in payment. Here, the master traveled outside of his reference and assumed to report upon something not referred to him. This has been decided to be irregular. A master's authority as to the subjects and extent of his examination and report is limited and controlled by the order of reference, and he must confine his inquiry to the directions of such order. Greenberg v. Greenberg, 99 N.J. Eq. 461, 464. The report was filed, and when the master parted with it, either to the solicitor of complainant for filing, or filed it himself, his services were at an end and he could not afterwards recall the case to himself, take further proceedings and make a supplemental report. That could only be done again by virtue of a re-reference to him. Ibid. 465. Both reports are wrong.
The complainant entered a final decree in this cause in which it was ordered and decreed that the master's report and all matters and things therein contained do stand ratified and confirmed, and that the mortgaged premises be sold to raise and satisfy the sums due to the complainant and defendant, *Page 69 
mortgagees, in the order named. This decree, which was entered by default, should never have confirmed all the matters and things contained in the report. If the court's attention were called to it, it never would have confirmed that part of the report which certified the amount due to the defendant mortgagee and directed his participation in the proceeds of sale, as that, by the complainant, had deliberately been withheld from reference to the master, and was therefore irregular.
Vice-Chancellor Van Fleet, in Stone v. Stone, 28 N.J. Eq. 409,
held that a complainant who procures an order of publication directing an improper or insufficient publication to be made, takes it at his peril. And he remarked (at p. 411), that in practice, orders of publication are signed almost as a matter of course, which is in the form in which they are presented by the solicitor, in the belief that he has designated the proper place of publication. If an order is obtained directing an improper or insufficient publication, the suitor must suffer the consequences. Now, this language is equally applicable to all orders taken by the solicitor for a party to the proceedings, as a matter of course or as on default, and the solicitor, and back of him the suitor, must take the risk. It always has been the practice of the courts to enter such orders on motion of the solicitors, and, in the multiplicity of business confronting all the courts, such is now the only practical application of the rule. It always has been, and is, that the courts, both of law and of equity, usually scrutinize the orders and decrees applied for only in litigated cases where the court has had threshed out before it, and has actual knowledge of, all the proceedings taken and the judgment or decree required. Exparte orders are entered almost as matter of course.
There is another thing to which attention should be called. For this the solicitor is not at fault. The final decree directs that a writ of fieri facias do issue to the sheriff of Hudson commanding him to make sale of the mortgaged premises and out of the money arising therefrom to pay to the complainant or his solicitor his debt, interest and costs, and also *Page 70 
to pay to the defendant or his solicitor his debt, interest and costs, in the manner aforesaid; and to bring the surplus money, if any, into this court to abide the further order of the court. Accompanying this decree is a writ of fieri facias drawn in the old form. It contains the anomolous command to the sheriff to sell the premises and pay to the complainant and the defendant the sums of money adjudged to them, and that he also have those moneys before the chancellor in the court of chancery on a future date to render to the complainant and defendant, and also the surplus money, if any there be, c. It is perfectly apparent that the sheriff could not pay the complainant and defendant and then have the moneys before the court for their payment over again. Such a provision in former writs of execution was not only an anomoly but absurd. The new form of writs commands the sheriff to sell the premises, or so much as may be needful and necessary for the purpose, and to pay to the complainant, c., and that he have the surplus money only, if any there be, before the chancellor in the court of chancery on the return day. The ancient duplicity in the writ is thus omitted. The solicitor in drawing this writ offieri facias evidently adopted the old form. The new one has not been promulgated generally, but is printed in the forms of such writs now in the chancery clerk's office.
The complainant may take an order opening and vacating the final decree, overruling the master's report, and setting aside so much of the decree pro confesso as refers the cause to a master to report, c., and for leave to amend the bill to bring in the new party, as he may be advised. After such party appears, either under the compulsion of subpoena or voluntarily, complainant may take a new order of reference to a master to report on all claims, and then have a proper final decree, and issue execution in the proper form.
No costs will be allowed on these defective proceedings, as no party in an application to correct his own mistake can obtain an award of costs against an adversary party who is in nowise responsible for that mistake; such a thing is against natural justice. Rehberger v. Rosenfeld, 100 N.J. *Page 71 Eq. 18. Of course in circumstances such as are detailed above, a solicitor could not even have his costs as between himself and client, as the mistakes are his and he is responsible to his client.