This somewhat complicated matter comes before the court on a motion to strike the amended bill of complaint and upon the return of an order to show cause why two ex parte orders of this court vacating the decrees pro confesso and final, master's report, writ of fieri facias, sheriff's sale, report and order of confirmation thereof, and permitting the complainant to file an amended bill should not be vacated and for nothing holden because improvidently made. The facts giving rise to the present proceeding are as follows:
The complainant foreclosed a mortgage and at a bid of $100 acquired title to an undivided one-half interest in the mortgaged property by deed from the sheriff of Essex county on November 5th, 1934. Thereafter the complainant brought suit at law against Sarah Risack, Michael J. Clarke and Thomas H. Foley, obligors on the bond, for deficiency, the decree having been for $18,218.13. The defendants filed answers alleging that the C.J.C. Building and Construction Company, one of the defendants in the foreclosure proceedings, had not been served with subpoena, and that Isaac Simons, husband of Sarah Risack, had not been joined as a party defendant. They contended that by reason of the defects in the chancery action the mortgage had not been completely foreclosed and that no action could be maintained on the bond. Application was made to the circuit court for an order striking out the answers, but it was denied.
The complainant thereupon filed a petition in the foreclosure action setting forth the defects in its proceedings, and praying that the decree pro confesso, master's report, final decree, writ of fieri facias, sheriff's sale, report of sale and order of confirmation of sale be vacated and set aside, and that leave be granted to file an amended bill of complaint joining Isaac Simons as a defendant, and that it be granted leave to serve a writ of subpoena and chancery ticket upon the C.J.C. Building and Construction Company.
An order was thereupon made ex parte on the advice of one of the advisory masters of this court, setting aside the *Page 427 
decree pro confesso, master's report, final decree, writ offieri facias, sheriff's sale, report of sale, confirmation of sale and the sheriff's deed.
A further ex parte order was made, on the advice of the same advisory master, authorizing an amendment to the original bill of complaint as prayed for. It was further ordered that the defendants Michael J. Clarke, Thomas H. Foley and Margaret Foley file answers to the bill of complaint as amended within twenty days of the service upon them of a copy of the order.
Those defendants have now filed petitions alleging that the orders referred to were improvidently made and should be set aside for the reasons that: no notice of the application therefor has been given to them; the advisory master was without jurisdiction; the order vacating the final decree was made after the time had expired for the taking of an appeal; on the dates upon which the aforesaid orders were entered there had accrued to the petitioners a right to be free of any action upon the bond, and that the orders were obtained by the complainant for the purpose of circumventing the requirement of the statute that action for deficiency should be instituted within three months after the date of sale. In addition the defendants moved to strike the amended bill.
It appears from the affidavits filed by the complainant in support of its petitions for the order of vacation and the amendment, considered by the advisory master, that it did not know of Sarah Risack's marriage at the time of the institution of the foreclosure action and, in fact, did not learn of it until it was served with copies of the answers in the deficiency suit; and that the reason that the C.J.C. Building and Construction Company was not served with subpoena was that the person who had been registered agent of that corporation, and upon whom process had been served, had been supplanted by another agent. Notice of the appointment of the substituted agent had been filed in the office of the secretary of state, but the complainant did not know of it.
The omission of Sarah Risack's husband as a defendant and the failure to serve the proper agent of the corporation *Page 428 
were mistakes which any practitioner might have made, but the mistake could have been avoided by proper inquiry. To cure such mistakes equity has provided the remedy of strict foreclosure.
"When a complainant in foreclosure has purchased in good faith at his mortgage foreclosure sale and the title thus acquired is not conclusive against an encumbrancer not made a party to the suit, he is entitled to file a bill in strict foreclosure and call upon the owner of the outstanding encumbrance to redeem from the mortgage debt, or be foreclosed of his equity of redemption * * *." Hinners v. Birkevaag, 113 N.J. Eq. 413.
Of course, the remedy of strict foreclosure may not be available to the complainant. Shepard v. Barrett, 84 N.J. Eq. 408.
And, as it appears that C.J.C. Building and Construction Company is the owner in fee of an undivided one-half interest in the mortgaged premises, it is certain that strict foreclosure will not now lie against that defendant. Jones Mort. (8thed.) §§ 1960 et seq. and § 1978; and see Eldridge v.Eldridge, 14 N.J. Eq. 195; Parker v. Child, 25 N.J. Eq. 41;Pettingill v. Hubbell, 53 N.J. Eq. 584; Benedict v. Mortimer,8 Atl. Rep. 515; Lockard v. Hendrickson, 25 Atl. Rep. 512. But conventional, or "sale-foreclosure," is still available as the result of the final decree and sheriff's sale in this cause leaves the complainant "in the attitude of a mortgagee in possession so far as the individual one-half interest in the premises owned by the" C.J.C. Building and Construction Company is concerned. South Omaha Savings Bank v. Levy,95 N.W. Rep. 603. The complainant has already acquired title to an undivided one-half interest in the mortgaged premises, subject to the right of curtesy initiate of Isaac Simons. Had the proceeds of the sheriff's sale equalled the amount of the decree pursuant to which the sale of that interest was had, the mortgage would have been satisfied (Pettingill v. Hubbell, supra); but the owner of the interest sold might have a right of action for contribution against the owner of the other one-half interest. The proceeds being less than the amount of the decree, the mortgage *Page 429 
is satisfied pro tanto only. Conventional foreclosure still lies against the undivided interest not affected by the former proceedings. But neither the absence of the right to strict foreclosure nor the existence of the right of conventional foreclosure justifies the vacation of the former final decree and subsequent proceedings for the purpose of reviving a lost right of action. Whether or not a right of action for a deficiency will survive the second conventional foreclosure need not be now determined; nor need it be now determined that the right of curtesy initiate is such an estate as could be barred on strict foreclosure. But see Eldridge v. Eldridge, supra, andBenedict v. Mortimer, supra, where strict foreclosure was allowed against a doweress who signed the mortgage.
In advising the order vacating the final decree, which had already been enrolled, the advisory master evidently overlooked the principles governing the opening of final decrees stated by Chancellor Walker in Hudson Trust Co. v. Boyd, 80 N.J. Eq. 267,
and in Smith v. Smith, 84 N.J. Eq. 13. In the HudsonTrust Co. Case the late Chancellor said (at p. 270):
"In the Lynde Case the alteration of the decree was sought by the complainant. In most cases it is sought by the defendant. In all cases application therefor is only considered upon notice and an opportunity afforded the adverse party to be heard."
And (at p. 275):
"* * * and while a suit until decree is under the control of complainant and may be dismissed, with or without notice and costs accordingly as the defendant has or has not appeared and answered, nevertheless, after decree the proceedings are under the control of the court and will only be opened to let in a defense, prevent fraud or mistake, or otherwise further the ends of justice * * *."
In the present case, the application to vacate the final decree and set aside all of the subsequent proceedings was not to let in a defense, or to prevent fraud or mistake, or otherwise to further the ends of justice and was entirely *Page 430 
without notice to anyone. On the contrary, it was to lay the foundation for a second suit for deficiency on the bond, the first action having been lost to the complainant by its failure properly to foreclose its mortgage. The complainant wants a new sheriff's sale so that it may have three additional months, under the statute, within which to sue again on the bond. The ends of justice will not be met by vacating the final decree for that purpose.
It is argued that Kaufman v. Jurczak, 102 N.J. Eq. 66, andMartin v. Morales, Ibid. 535, support the ex parte orders of the advisory master, but I think not. In the Kaufman Case, from all that appears in the chancellor's opinion, notice may have been given; but, assuming that it was not, it can hardly be supposed that the chancellor intended to alter the rule stated by him in Hudson Trust Co. v. Boyd, that "in all cases application therefor is only considered upon notice and an opportunity afforded the adverse party to be heard." In theKaufman Case the final decree was opened to correct a mistake apparent on the face of the record and this was proper because "after decree, the proceedings are under the control of the court." Ibid. Martin v. Morales, supra, merely held that after decree pro confesso, a defaulting defendant against whom such decree had been entered was not entitled to notice of the subsequent proceedings to final decree, but that decision is not authority for the ex parte vacation of a final decree after substantive rights have accrued thereunder.
I shall advise that the orders be set aside and the amended bill stricken. *Page 431