In this foreclosure suit, the defendant has answered, admitting the right and title of the complainant and she now moves for a decree under Comp. Stat. p. 3409 § 2.
The bill of complaint contains the prayers for relief which are found in the form of foreclosure bill annexed to the chancery rules. The third prayer is that defendant be decreed to pay complainant by a short day and that in default, she be foreclosed of all equity of redemption. An alternative prayer follows for sale of the mortgaged premises. The defendant's motion is for a decree according to the third prayer, namely, strict foreclosure. She desires to avoid a possible deficiency suit. Complainant resists the motion.
The statute on which defendant relies relates to a suit brought to compel the defendant to pay the mortgage or, in default of payment, to foreclose the defendant of his right of redeeming the lands. It directs the court, on defendant's motion, before the cause shall be brought to hearing, to "make *Page 585 
such order or decree therein as such court might or could have made therein, in case such suit or cause had then been regularly brought to hearing before such court." This statute was passed in 1794 (Patterson 145), at a time when the mortgagee's only remedy in equity in most cases was strict foreclosure. A sale was had only in exceptional cases, as where there was an infant party. Not until 1820 was foreclosure sale authorized in all causes. P.L. 1820 p. 99 § 8, now Comp. Stat. p. 429 § 53.
It is not surprising, therefore, that the act of 1794 mentions only a suit for strict foreclosure. While the 1820 law is permissive and not mandatory in form, a foreclosure sale has become so usual that strict foreclosure will not now lie against an owner of the fee or any part thereof. Surety Building andLoan Association v. Risack, 118 N.J. Eq. 425.
Probably if all parties consent, a decree of strict foreclosure may be entered which will effectively bar the defendant's equity of redemption. But complainant does not consent. Its prayer for strict foreclosure is merely formal and does not prevent it from insisting on a foreclosure sale. In case this cause shall be brought to hearing, the court will have to decree a sale and so a decree of strict foreclosure on the motion of defendant is not authorized by Comp. Stat. p. 3409 § 2. Her motion is denied.
Complainant moves to strike two paragraphs of the answer on the ground that they are irrelevant and immaterial. A motion to strike is the proper substitute for exceptions. Vineland v.Maretti, 93 N.J. Eq. 513, 524. One of the paragraphs which is challenged, alleges that the value of the premises is greater than the amount due on the mortgage; the other, that defendant has always been and now is ready to deed the premises to complainant. Their immateriality is obvious. The motion will be granted. *Page 586