BERGEN COUNTY COURT OF COMMON PLEAS.

THE STATE OF NEW JERSEY (BOROUGH OF LEONIA), COMPLAINANT-APPELLEE, v. CLIFFORD J. HEATH, DEFENDANT-APPELLANT.

Decided July 12, 1940.

For the complainant-appellee, *DeBaun & Westervelt.*

For the defendant-appellant, *Edmond J. Ubertino.*

WEBER, C. P. J.  The defendant-appellant was charged by the building inspector of the borough of Leonia with violation of the following provisions of the building code of that borough, to wit: Chapter 13, section 13.2, paragraph 1; chapter 14, section 14.2; chapter 4, section 4.5, paragraph 4.55; and chapter 1, section 1.3, paragraph 1.39 of an ordinance entitled "The Building Code of the Borough of Leonia," adopted November 25th, 1929.

A trial was had and the defendant-appellant was convicted of violating the following sections of the Zoning Ordinance: chapter 13, section 13.2, paragraph 1; chapter 14, section 14.2; chapter 4, section 4.5, paragraph 4.55, and was acquitted on the charge of violating chapter 1, section 1.3, paragraph 1.39.  Upon conviction, defendant-appellant was

fined a total of one hundred ($100) dollars, which fine, according to the record submitted, was paid without protest.

The defendant-appellant was found "guilty" on August 22d, 1939; the fine was paid on August 23d, 1939; the recorder was served with a notice of review on August 31st, 1939; and, the order for review was entered on September 1st, 1939. By order, entered May 2d, 1940, pursuant to stipulation of counsel, it was agreed that the matter be determined by me upon briefs, which have been submitted.

The defendant-appellant, in his brief, argues the following questions:

1. That the complaint, charging the defendant-appellant with violation of chapter 13, section 13.2, paragraph 1, is defective in that the complaint fails to set forth that the header and tail beams were more than four feet in length.

2. That the record of conviction is defective as to the violation of that section referred to under question 1, because there is no testimony that the said header and tail beams were more than four feet in length.

3. That the conviction is illegal, because the builder was a corporation defendant.

4. That the building code of the borough of Leonia declares, by its wording, to be remedial and to be liberally construed and that in the imposition of the fine, the spirit of the building code was ignored.

5. That the conviction of the violation charging defendant with failure to erect a fire door should be set aside, because the building was still in the process of construction and unfinished.

The complainant-appellee, in its brief, sets forth the following reasons for dismissal of the appeal:

1. That the petition for review is not made by a party to the suit.

2. That the appeal should be dismissed, because the fine was paid without protest and voluntarily.

3. That the appellant has shown no ground for reversal.

I shall first consider the reasons for dismissal advanced by the complainant-appellee, as such reasons, in my opinion, dispose of the matter.

The petition for review in this case was made by Edmond J. Ubertino, Esquire, attorney for the defendant-appellant, and was not made "by a person who has been convicted," as provided for by the provisions of *R. S.* 2:215-7 (*N. J. S. A.* 2:215-7). This was fatal, because, the petition was made by a stranger and not by a party. See *City of Passaic* v. *Gross,* 99 *N. J. L.* 409; 124 *Atl. Rep.* 370; *Collins* v. *Kiederling,* 87 *N. J. Eq.* 12; 97 *Atl. Rep.* 948; *New Jersey Photo Engraving Co.* v. *Carl Schnoert & Sons,* 95 *N. J. Eq.* 127; 122 *Atl. Rep.* 307.

The record submitted in this case shows that the fine imposed was paid without protest, which presents a situation, wherein the defendant-appellant is seeking to have the court act upon a moot question. Payment, in this instance, was unquestionably voluntary and, that being the case, the sentence was paid and satisfied and the defendant could gain nothing but the moral victory of a vindication. *Westfield* v. *Stein,* 113 *N. J. L.* 1; 172 *Atl. Rep.* 522; *D'Aloia* v. *Summit,* 89 *N. J. L.* 711; 99 *Atl. Rep.* 189. Because of the foregoing, the appeal herein should be dismissed.

In view of the points raised by defendant-appellant in his brief, I think it in order that the questions raised in that brief be commented upon, briefly.

The complaint, charging the defendant-appellant with the violation of the portion of the ordinance providing that trimmer, header or tail beams, unless supported on a wall or girder, shall be hung in approved metal hangers, is defective, because there is no allegation in the complaint that the defendant-appellant did cause trimmer, header or tail beams, over four feet in length, not supported on a wall or girder, to be erected without being hung in approved metal hangers. It is elementary, that all necessary elements to constitute any defense, must be set forth in the complaint. See *Haviland* v. *Egan,* 11 *N. J. Mis. R.* 799; 168 *Atl. Rep.* 171. However, as the petition for review does not set forth such defect, as a point to be relied on by defendant-appellant, it is to be considered that the defendant-appellant waived that defect.

This proceeding, being in the nature of a review, and, being further submitted to me on the record and upon briefs by

attorneys for the respective parties, it is necessary for me to decide the matter from the record as submitted.

The record of conviction, as submitted, shows not only that proof was offered by the borough, substantiating the complaints upon which the defendant-appellant was found guilty, but shows further that the defendant-appellant, when testifying in his own behalf, admitted the violations which, therefore, disposes of points 2, 3 and 5, as set up in defendant-appellant's brief. There is no testimony, whatsoever, showing that the complaints were prematurely made and no testimony showing that the defendant-appellant was not individually liable, under the provisions of the zoning ordinance.

Upon a review, it is not within the province of this court to weigh the evidence. See *Levine* v. *State,* 110 *N. J. L.* 467; 166 *Atl. Rep.* 300; *Dziatkiewicz* v. *Maplewood,* 115 *N. J. L.* 39; 178 *Atl. Rep.* 205.

The convictions are, therefore, affirmed.