In this proceeding the complainant seeks to have two individual defendants adjudged in contempt of court. I feel that there is a reasonable doubt as to their guilt, and, therefore, the order to show cause issued on the 24th day of August, 1942, will be vacated and dismissed.
After the filing of the verified bill herein, an order to show cause was advised by Vice-Chancellor Kays on August 10th, 1942, which, among other things, directed: "that Mortimer L. Kobelin and George H. Richenaker be and appear before Hon. Lloyd L. Schroeder, one of the Masters of this Court, at his office, 210 Main Street, in the City of Hackensack, County of Bergen and State of New Jersey, on the 18th day of August, 1942, at ten o'clock in the forenoon, to submit themselves to cross-examination by the Solicitor of the Complainant with respect to the matters contained in their affidavits."
A subpoena duces tecum was issued and served upon the defendant witnesses, directing them to produce certain books and records at the hearing before the master. They appeared at the hearing and submitted to an examination. However, they declined to produce the books and records as directed by the subpoenaduces tecum, contending that Vice-Chancellor Kays' order did not call for the production of any books or records, and further, that Chancery rule 215 does not require such production unless the order of reference so provides.
On August 24th, 1942, a petition was filed herein, and an order to show cause was issued and served upon the defendants which, among other things, provides: "that the said defendants George H. Richenaker and Mortimer L. Kobelin, do show cause before the Chancellor at Chancery Chambers, 1 Exchange Place, Jersey City, on the 8th day of September, 1942, at 10 o'clock in the forenoon, E.W.T., or as soon thereafter *Page 492 
as counsel can be heard, why an order should not be made adjudging the defendants in contempt of Court or in the alternative why an order should not be made suppressing the affidavits heretofore filed, and for such other and further relief as may seem just and proper in the premises."
On the return of the last mentioned order the defendants argued: (1) That they complied in full with the order of the court; and (2) that in the absence of an order of the court, or a rule of court or statute, authorizing the issuance of a subpoenaduces tecum, they were under no legal obligation to produce the requested books and papers at the hearing before the master. Their argument is not without merit.
Where an adjudication of contempt is sought, the evidence must establish the guilt of the person beyond a reasonable doubt. "Contempt proceedings are criminal in their nature and to hold a respondent guilty, there must be no reasonable doubt on the facts or on the law." Laurie v. Ryan, 130 N.J. Eq. 248;22 Atl. Rep. 2d 6. Statutes, or rules, which are penal in character must be strictly construed.
The master's powers in examinations of witnesses are limited to the provisions of the order of reference. He is without authority to proceed beyond them. "A master's authority as to the subjects and extent of his examination and report is limited and controlled by the order of reference, and he must confine his inquiry to the directions of such order." Kaufman v. Jurczak,102 N.J. Eq. 66; 139 Atl. Rep. 716. The order of reference confers no power on the master to order the production of books or records, and he cannot read into it a provision that is wanting in judicial sanction.
The defendants clearly indicate that it was not their intention to commit any act in contempt of the court's order. While they take the position that under the order they are not required to produce the books and records of the corporation, they declare, if this court is of the opinion that they erred in the course they pursued, they, therefore, seek the opportunity to present the books and records to the master.
The defendants very properly questioned the master's authority to issue the subpoena duces tecum. *Page 493