This is a suit by the plaintiff landlord to dispossess a tenant from dwelling quarters in which she was a monthly tenant. The suit was instituted on February 11, 1949, for nonpayment of the monthly rental of $27 due on February 1st. The tenant was served personally on February 12th, with summons returnable on February 23rd, on which date the tenant did not appear and judgment for possession was entered. The docket entries show the following:
"March 2, 1949 — The Court directed that Judgment be reopened and the Tenant be permitted to pay rent and costs.
"March 2, 1949 — The Tenant paid the sum of $30.26 (ck. 362) rent and costs, this cause discontinued."
Thereafter, on March 10th, the plaintiff on notice to the defendant moved to set aside the proceedings subsequent to the entry of judgment on the ground that the order of March 2nd allowing the tenant to pay the rent was entered without notice to the plaintiff. The court denied this motion and it is from such refusal that the present appeal is taken.
The principal argument of appellant is that the judgment of possession entered in its favor was reopened without notice and an opportunity to be heard. It is fundamental that the holder of a judgment is entitled to notice and an opportunity to be heard on an application to reopen — therefore, the court below was without jurisdiction. Pennoyer v. Neff, 95 U.S. 714,24 L.Ed. 565 (1877); Murphy v. Farr, *Page 554 11 N.J.L. 186 (Sup. Ct. 1829); Surety Building Loan Ass'nv. Risack, 118 N.J. Eq. 425 (Ch. 1935).
The order of the District Court in reopening the judgment is reversed and the proceedings subsequent to the entry of the judgment are set aside.